**METROPOLITAN LUMBER COMPANY,**
**Plaintiff-Respondent,**

v.

**Lawrence K. DODGE,**
**Defendant-Appellant,**

and

**The Finance Corporation of North America, Defendant.**

**No. KCD 29421.**

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Stoup & Bohm, Jack N. Bohm, Kansas City, for defendant-appellant.

Robert Ernest Gould, Kansas City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

This appeal was spawned by a judgment debtor's resistance to a summary judgment sustaining the registration of a foreign judgment under the Uniform Enforcement of Foreign Judgment Law, Sec. 511.760, RSMo 1969, and Rule 74.79.

Metropolitan Lumber Company's (Metropolitan) verified petition for registration, an attached copy of an Illinois judgment authenticated in the manner authorized by the laws of the United States, the respective responsive pleadings of Finance Corporation of North America (Finance) and Lawrence K. Dodge (Dodge), and a deposition given by Dodge, disclose the following.

On November 8, 1974, in the Circuit Court of DuPage County, Illinois, a judgment on a promissory note containing a cognovit clause was rendered in favor of Metropolitan, as payee. Notwithstanding the fact that Dodge was the only party signatory to the note as maker, that Finance's name failed to appear anywhere on the note and that there was nothing on the face of the note to indicate that Dodge signed it in a representative capacity for or on behalf of Finance, Finance and Dodge were both named as defendants in the Illinois action brought to enforce payment of the cognovit note. Judgment was rendered in the amount of $45,731.58 in favor of Metropolitan and against both Finance and Dodge. The Illinois judgment record shows the name of the attorney who confessed judgment under the warrant of attorney, recites that he was attorney for both Finance and Dodge, and that he waived service of process and confessed that $45,731.58 (principal, interest and attorney's fee) was due Metropolitan from Finance and Dodge.

In response to Metropolitan's verified petition for registration of the Illinois judgment, Finance pleaded that it had been adjudicated a debtor in bankruptcy proceedings in the United States District Court for the Western District of Missouri and that a "Stay Order enjoining the prosecution of any litigation against" it had been issued. Dodge, in response thereto, pleaded that he was "without information to admit or deny" rendition of the Illinois judgment and therefore denied the same; he further pleaded that the Illinois judgment was obtained without "service" or "notice" as to him, that he signed the note solely in his

capacity as president of Finance although his secretary "forgot" to type in the corporation's name, and that the Illinois judgment in favor of Metropolitan was "fraudulently" obtained "against a party not a signatory to the note and therefore, [was] void . . . .".

Although Metropolitan voluntarily dismissed as to Finance, it filed and successfully pursued a motion for summary judgment against Dodge. Dodge, the judgment debtor, has appealed from the summary judgment rendered and entered in favor of Metropolitan.

Dodge charges on appeal that the trial court erred in granting summary judgment in favor of Metropolitan (1) because "the record on its face shows that the Illinois judgment was fraudulently procured and a genuine issue of fact exists as to the capacity in which defendant Dodge signed the note", and (2) because "the record shows that neither defendant received notice of the suit brought in Illinois and that both defendants could not have waived service of notice in the Illinois suit and, therefore, a genuine issue of fact existed as to which defendant, if either, waived service of notice of the foreign suit."

■ By reason of the positive command of Art. IV, § 1, of the United States Constitution, full faith and credit must be given the judgment of a sister state in an action brought thereon in this state unless, with respect thereto, there was (1) a lack of jurisdiction over the subject matter, (2) failure to give due notice, or (3) fraud in the procurement or concoction of the judgment. *In re Veach,* 365 Mo. 776, 287 S.W.2d 753, 759 (banc 1956); *Mekelburg v. Whitman,* 545 S.W.2d 89, 90 (Mo.App.1976); *Corning Truck & Radiator Serv. v. J. W. M., Inc.,* 542 S.W.2d 520, 524 (Mo.App.1976); and *O'Neill v. Winchester,* 505 S.W.2d 135, 136 (Mo.App.1974). In view of the tightly circumscribed grounds legally recognized as justification for refusing to give full faith and credit to the judgment of a sister state, it is forbidden in actions brought thereon in this state to inquire into the merits of the cause of action upon which the judgment is

predicated, the logic or consistency of the decision underlying the judgment, and the validity of the legal principles upon which the judgment is based. *Gibson v. Epps,* 352 S.W.2d 45, 47 (Mo.App.1961). Generally speaking, a judgment by confession rendered in a sister state, if valid where rendered, stands on the same footing as other judgments so far as being entitled to full faith and credit when sought to be enforced in another state. See generally 50 C.J.S. Judgments § 889, p. 476 et seq. Under Illinois law a cognovit clause in a promissory note is valid, Ill.Ann.Stat. ch. 110, § 50(3) (Smith-Hurd) and *Irmco Hotels Corp. v. Solomon,* 27 Ill.App.3d 225, 326 N.E.2d 542 (1975), and judgments obtained by confession on promissory notes containing cognovit clauses are given full faith and credit by and enforceable in the courts of this state, *State ex rel. Robb v. Shain,* 347 Mo. 928, 149 S.W.2d 812 (1941) and *Cook's Estate v. Brown,* 346 Mo. 281, 140 S.W.2d 42 (1940). It necessarily follows that Missouri cases, supra, which frugally set forth limited grounds for justifying refusal to extend full faith and credit to the judgment of a sister state, and the forbidden areas of inquiry with respect thereto, apply with equal vigor to judgments obtained by confession on promissory notes containing cognovit clauses.

■ The fact that no factual or legal basis is to be found in the record of the Illinois proceedings to justify rendition of the judgment against Finance has cast a pall of confusion over the issues in this case which Dodge, albeit in vain, has attempted to capitalize on to his advantage. Whether Finance could mount a successful effort to defeat registration of the Illinois judgment against it is not an issue in this case. The efficacy of the Illinois judgment as an enforceable obligation in this state against Dodge is the only justiciable issue before this court. Once this aura of confusion is properly recognized for what it actually is, a baseless distraction, and therefore excluded from consideration, the issues raised by Dodge on appeal slip into rather routine decisional niches and lend themselves to being disposed of with considerable celerity.

**732**

Ill.Ann.Stat. ch. 26, § 3–403(2)(a) (Smith-Hurd)[1], which reads as follows, is apposite all issues raised by Dodge:

"(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;"

The "Illinois Code Comment" appended to the above reads as follows: "This paragraph is in accord with the Illinois case law holding that one signing as a maker without qualification cannot introduce parol evidence altering the capacity in which he signed in an action by the payee to enforce the instrument: *Chandler v. Chandler,* 326 Ill.App. 670, 63 N.E.2d 272 (2d Dist. 1945), petition for leave to appeal denied, 331 Ill. App. xiii; *Gelman v. Wendrick,* 321 Ill.App. 639, 53 N.E.2d 479 (1st Dist. 1944); *Cusanelli v. Steele,* 287 Ill.App. 490, 5 N.E.2d 296 (4th Dist. 1936), petition for leave to appeal denied, 287 Ill.App. xliii."

Dodge does not contend that the Illinois court lacked jurisdiction over the subject matter. His somewhat dubious contentions, namely, lack of notice and fraud in the procurement or concoction of the judgment, are hazily interwoven with the classic contention that genuine issues of material fact exist as to Dodge's capacity to sign the note and whether he or Finance "waived service of notice of the foreign suit". The composite effect of the prosaic legal principles heretofore set forth regarding enforceability in this state of judgments rendered in sister states and ch. 26, § 3–403(2)(a), supra, totally refute all issues raised by Dodge on appeal. As Dodge has failed to demonstrate any legal viability or pertinency to his claims of lack of notice and fraud in the procurement or concoction of the Illinois judgment, and has likewise failed to demonstrate the existence of any genuine issues of material fact to warrant further inquiry into them, the trial court did not err in granting summary judgment in favor of Metropolitan and against Dodge. Rule 74.-

04(c). Dodge's effort to personally absolve himself from enforcement of the Illinois judgment in this state is of no avail.

Judgment affirmed.

All concur.

---

1. § 3–403(2)(a) of the Uniform Commercial Code.