Wayne JENNINGS, Respondent,

v.

Lem KLEMME and Yvonne Klemme, Appellants.

No. 11529.

Missouri Court of Appeals, Southern District, Division One.

July 17, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 10, 1981.

Nicholas R. Fiorella, Springfield, for appellants.

Richard Owensby, Neale, Newman, Bradshaw & Freeman, Springfield, for respondent.

FLANIGAN, Judge.

In August 1977 plaintiff Wayne Jennings filed, in the Circuit Court of Greene County, Missouri, a verified petition for registration of an Illinois judgment. By so doing, plaintiff invoked the procedure set forth in Rule 74.79,[1] the "Uniform Enforcement of Foreign Judgments Law." Defendants in the Missouri proceeding are Lem Klemme and Yvonne Klemme, both of whom were served with summons in the manner prescribed by Rule 74.79(d). After defendants filed a responsive pleading a trial was held and the court refused to set aside the registration. From the judgment sustaining the registration, defendants prosecute this appeal pursuant to Rule 74.79(k).

Defendants' first point is that the petition for registration failed to meet the requirements of Rule 74.79(c) in that it failed to "set forth a copy of the judgment to be

registered" together with "the date of its entry." An examination of this contention requires review of the Illinois proceedings in the light of certain Illinois statutes.

On December 12, 1967, in Macomb, Illinois,[2] defendants executed, in favor of plaintiff, an interest-bearing promissory note in the principal amount of $30,000. The note contained a warrant of attorney to confess judgment. On December 7, 1970, the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, entered a "judgment order" in favor of plaintiff and against the two defendants in the total amount of $39,893.68, which included principal, interest and attorney's fee. The judgment was entered in Case No. 70 G 260. Under Illinois procedure this judgment is termed "a judgment by confession."

In March 1977, at the instance of plaintiff, and in proceeding No. 70 G 260, a "summons to confirm judgment by confession" was directed to defendants and served upon each of them by the sheriff of Greene County, Missouri. By that summons the defendants were informed that they were "summoned and required to file an answer in this case, or otherwise file your appearance" in the office of the clerk of the Illinois court within 30 days after service of the summons, not counting the day of service. The summons also informed the defendants: "If you fail to do so, a judgment by confession for $39,893.68 entered against you on December 7, 1970, may be confirmed." Defendants ignored the summons and did not appear. On June 28, 1977, the Illinois court, in proceeding 70 G 260, entered a "judgment order," the body of which is set out marginally.[3]

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Although the testimony contained in the instant record fails to show where the note was executed, the note is dated "Macomb, Illinois, December 12, 1967." Macomb is in McDonough County, Illinois, where the court which entered the Illinois judgment sat. In *Turner v. Alton Banking & Trust Co.*, 181 F.2d 899 (8th Cir. 1950), cert. den., 340 U.S. 833, 71 S.Ct. 66, 95 L.Ed. 611, rehearing denied, 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643, the court held that in

the absence of evidence to the contrary the note will be presumed to have been executed at the place where it is dated. To similar effect see 12 Am.Jur.2d Bills and Notes § 1166, p. 191.

3. "JUDGMENT ORDER [of June 28, 1977]

This cause coming on for hearing pursuant to Plaintiff's Motion to Confirm Judgment by Confession, the Plaintiff appearing by counsel, the Defendants appearing not, the court being fully apprised of the premises,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment by Confession

The petition for registration, filed in the Missouri court, in setting forth a copy of the "judgment to be registered," set forth the judgment order of June 28, 1977, and the date of its entry. Defendants argue that the petition was defective in this respect in that, they say, the petition should have set forth a copy of the judgment of December 7, 1970.

The Illinois judgment order of December 7, 1970, will be referred to as "the first Illinois judgment" and the judgment order of June 28, 1977, will be referred to as "the second Illinois judgment." The first Illinois judgment was a judgment by confession.

As pointed out in *City-Wide Realty Co. v. Fryer*, 70 Ill.App.3d 649, 27 Ill.Dec. 17, 388 N.E.2d 980 (1979), under Illinois practice and an Illinois statute there cited a judgment by confession without service of process on the defendant shall not be the basis for seeking what is called "a deduction order" in a garnishment proceeding to collect the judgment "unless such judgment is confirmed after service of process by a trial de novo, *as if such confession of judgment had not been obtained.*" The court said that the confirmation of a confessed judgment is a prerequisite for the issuance of a summons for a wage deduction order because a judgment creditor, as defined by the Illinois Wage Deduction Act, cannot be a creditor who holds an unconfirmed confessed judgment. The court also said: "The confirmation proceeding is initiated by the plaintiff if and when he wishes to use a confessed judgment as the basis for seeking a wage deduction," and that "once summons issues, the confirmation proceeding is conducted as a trial de novo."

The second Illinois judgment possesses all of the force and effect of the first Illinois judgment and more. The second Illinois judgment could be the basis for seeking a deduction order while the first Illinois judgment could not. The second Illinois judgment, obtained after service of process on both defendants, was the product of a trial de novo and it contains an adjudication that the defendants are indebted to the plaintiff in the sum of $39,893.68.[4] As the holder of the second Illinois judgment the plaintiff was a "judgment creditor," under the garnishment procedure of Illinois, a status plaintiff did not enjoy prior to the entry of the second Illinois judgment. This court holds that the second Illinois judgment is a "foreign judgment" as that term is defined in Rule 74.79(a)(1), that it was entitled to full faith and credit in this state, and that setting forth a copy of the second Illinois judgment (and the date of its entry) rather than a copy of the first Illinois judgment, was proper under Rule 74.79(c). Defendants' first point has no merit.

Defendants' second point is that the trial court erred in refusing to consider evidence offered by defendants to the effect that the promissory note of December 12, 1967, was executed by defendant Lem Klemme in his capacity as president and by defendant Yvonne Klemme in her capacity as secretary-treasurer of the Klemme Cattle Company, a corporation.

The promissory note makes no mention of the corporation. Immediately following the signature of Lem Klemme appears the handwritten abbreviation "Pres." and immediately following the signature of Yvonne Klemme appears the handwritten abbreviation "Sec.-Treas." The defense sought to be raised by defendants is based on UCC § 3-403(2) set out marginally [5] and

entered in this cause on December 7, 1970 in the amount of $39,893.68, be and the same is confirmed as the final judgment of this court and, further, that final judgment be and same is entered in favor of the Plaintiff, Wayne Jennings, and against the Defendants, Lem Klemme and Yvonne Klemme, in the amount of $39,893.68, plus costs of suit."

4. Plaintiff made no claim to interest accruing between the date of the first Illinois judgment and the date of the second Illinois judgment.

5. "(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) *except as otherwise established between the immediate parties, is personally obligated* if the instrument names the person represented but does not show that the representative signed in a representative capacity, *or if the*

which Illinois adopted.[6]

In the Missouri proceeding defendants were entitled to present any defense "which under the law of this state may be asserted by the defendant in an action on the foreign judgment." Rule 74.79(h). The Missouri courts have held that under Art. IV, Sec. 1 of the U. S. Constitution, "We give full faith and credit to the judgments of sister states unless it can be shown that there was (1) lack of jurisdiction over the subject matter, (2) a failure to give due notice, or (3) fraud in the concoction of the judgment." *W.B.M. v. G.G.M.*, 579 S.W.2d 659, 661[1–3] (Mo.App.1979). On the other hand "giving full faith and credit to a foreign judgment precludes any inquiry into the merits of the underlying cause of action, and, also, precludes any questioning of the logic or consistency of the decision or the validity of the legal principles upon which the judgment is based." *Matter of Estate of Fields*, 588 S.W.2d 50, 52[1] (Mo.App.1979). See also *Bittner v. Butts*, 514 S.W.2d 556, 559 (Mo.1974) where the court said that "the underlying validity of the claim" had been established by the foreign judgment and "is not even for consideration in the Missouri court" in a proceeding under Rule 74.79.

Defendants rely primarily upon an opinion of the Western District of this court, *Metropolitan Lbr. Co. v. Dodge*, 567 S.W.2d 729 (Mo.App.1978). In that case the foreign judgment sought to be registered was an Illinois judgment based on a promissory note containing a cognovit clause. The court stated that under Illinois law a cognovit clause in a promissory note is valid, Ill.Ann.Stat. Ch. 110 § 50(3) (Smith-Hurd) and that a judgment obtained by confession on a promissory note containing a cognovit clause is given full faith and credit by the courts of Missouri. The court also pointed out that the rules set forth in the preceding paragraph enumerating permissible and im-

permissible defenses in an action on a foreign judgment "apply with equal vigor to judgments obtained by confession on promissory notes containing cognovit clauses." In *Dodge* the court said that there was no factual basis for a defense under UCC § 3–403(2)(a) because the defendant in that case signed the note as a maker and the note neither named the person represented nor showed that the representative signed in a representative capacity. Defendants here construe *Dodge* to mean that the defense would have been available if factually supported.

In the instant action the defense sought to be raised by defendants is not one which, if factually supported, constitutes a showing of lack of jurisdiction over the subject matter, or a failure to give due notice, or fraud in the concoction of the judgment. The purported defense constitutes a mere "inquiry into the merits of the underlying cause of action" and, as such, is not open for consideration in the Missouri proceeding.

"In the case of a judgment entered under a warrant of attorney to confess judgment, without service of process or appearance other than that pursuant to the warrant itself, it is necessary to distinguish between the principal obligation on which the judgment is rendered, and the warrant of attorney upon which the jurisdiction depends, although both are incorporated in the same written instrument. Assuming jurisdiction, the judgment is generally regarded as conclusive as to the validity, construction, and effect of the principal obligation, and of all other matters going solely to the merits of the cause of action." 47 Am.Jur.2d Judgments § 1281, p. 268.

It must be remembered that the second Illinois judgment, the one which was the subject of the registration, was not itself a judgment by confession, that is, one entered

---

*instrument does not name the person represented but does show that the representative signed in a representative capacity."* (Emphasis added.)

6. See Ill.Ann.Stat. Ch. 26, § 3–403(2) which is identical to § 400.3–403(2) V.A.M.S. See also 97 A.L.R.3d 798 (Construction and application of UCC § 3–403(2) dealing with personal liability of authorized representative who signs negotiable instrument in his own name.)

merely under a warrant of attorney to confess judgment. The second Illinois judgment was entered only after summons had been issued and served on the two defendants. At that time, in a trial de novo, defendants were afforded, and declined, the opportunity to raise the defense which they seek to raise in the Missouri proceeding. It was not available to them in the latter.

Defendants' second point has no merit.

The judgment is affirmed.

GREENE, P. J., and TITUS, J., concur.