■
**Sherry K. CASTLE (Pollock),
Plaintiff-Respondent,**

v.

**Craig N. CASTLE, Defendant-Appellant.**

**No. WD 32789.**

Missouri Court of Appeals,
Western District.

Nov. 23, 1982.

W.C. Pevestorff, Jr., Independence, for defendant-appellant.

John J. McFadden, Jr., Kansas City, for plaintiff-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal is from an order and final judgment of the Circuit Court of Jackson County sustaining the registration of a Kansas judgment by respondent Sherry K. Castle (Pollock).

The respondent was granted a divorce from appellant, Craig N. Castle on November 24, 1964, in Olathe, Kansas, custody of the minor child was awarded to respondent and appellant was ordered to pay the sum of Fifteen ($15.00) Dollars per week as child support. It is undisputed that the appellant paid a total of Seven Hundred Thirty-Five ($735.00) Dollars as child support from November 24, 1964 through June 11, 1965. The June 11, 1965 payment was the last payment made by appellant to respondent. In the almost fourteen years following this last payment respondent made no effort to modify, execute upon nor revive the child support order. On December 11, 1979 respondent filed a motion in Kansas to reduce the delinquent payments to a judgment. Appellant, then a Missouri resident, received notice of the hearing on this matter but failed to appear. This motion culminat-

ed in an order dated January 3, 1980 in which the Judge of the District Court, Court No. 7, Johnson County, Kansas sustained respondent's motion, with appellant in default, to reduce delinquent payments to a judgment of Ten Thousand Five Hundred Sixty ($10,560.00) Dollars.

On August 20, 1980 respondent filed a Petition for Registration of Foreign Judgment in Jackson County, Missouri, pursuant to Section 511.760, RSMo. (1978), in which Missouri adopted the Uniform Enforcement of Foreign Judgments Law. *See also* Rule 74.79. Appellant filed a Motion to Quash Registration of Foreign Judgment and Suggestions in Support. Respondent filed Suggestions in Opposition and a hearing was held on the matter initially resulting in the court sustaining appellant's Motion to Quash. Respondent then filed a Motion to Vacate and Set Aside the Order Quashing Registration of Foreign Judgment and for an order making the registered judgment a final judgment. After a hearing the court entered its Order setting aside and vacating the earlier order and further ordered that respondent's Kansas judgment dated January 3, 1980, be duly registered in the Circuit Court of Jackson County and become a final judgment against the appellant in the sum of Ten Thousand Five Hundred ($10,500.00) Dollars.[1]

1. Appellant brought to the attention of this court during oral argument of this case that on November 6, 1981 he filed a Motion to Set Aside the Judgment granted on January 3, 1980, in the District Court of Johnson County, Kansas, and on December 3, 1981 the Kansas Court heard evidence on that motion and ruled on the motion in appellant's favor modifying the amount of judgment. This *attack on* the *Kansas judgment* occurred some *six months after* the *registration* of the foreign judgment *in Missouri* was approved and entered as a final judgment, and some *five months after Notice of Appeal* was filed in this court. It is clear that appellant should have attacked the Kansas judgment in the Kansas courts prior to attempting to have the Missouri courts interpret Kansas law. Appellant attempted to amend the record on appeal in this court by requesting leave to file the new Kansas court order modifying (not yet entered) judgment and pertinent

portions of the transcript of that hearing. That motion was denied by this court on the grounds that Rule 81.14(e) limits the record on appeal to the record made by the trial court. Documents never presented to, or considered by the trial court cannot be used for supplementation of the record on appeal. *Carondelet Savings & Loan Assn. v. Boyer*, 595 S.W.2d 744, 746 (Mo. App.1980).

Appellant alleged in the above mentioned motion (that was denied by this court) that the recently secured order from the Kansas trial court "effectively voids and/or modifies" the previous Kansas order registered in Missouri. At oral argument he stated the District Court in Kansas had just entered a new judgment for an amount smaller than the $10,500.00 figure in the January 3, 1980 judgment. If so, it would seem that appellant need only now register the new order in Missouri to obtain relief. This is

Appellant on appeal would have this court set aside or modify the registered foreign judgment due to alleged errors made in the Kansas proceeding and because of a difference in Kansas and Missouri's statutes of limitations. The judgment of the trial court is affirmed.

The controlling law of Missouri as to registration of foreign judgments and the full faith and credit they must be accorded is clearly set forth by this court in *Metropolitan Lumber Co. v. Dodge,* 567 S.W.2d 729, 731 (Mo.App.1978) which states:

"By reason of the positive command of Art. IV, § 1, of the United States Constitution, full faith and credit must be given the judgment of a sister state in an action brought thereon in this state unless, with respect thereto, there was (1) *a lack of jurisdiction over* the *subject matter,* (2) *failure to give due notice, or* (3) *fraud in the procurement or concoction of the judgment* .... In view of the tightly circumscribed grounds legally recognized as justification for refusing to give full faith and credit to the judgment of a sister state, *it is forbidden* in actions brought thereon in this state *to inquire into* the *merits of the cause of action* upon which the judgment is predicated, the *logic or consistency of the decision* underlying the judgment, *and* the *validity of the legal principles upon which the judgment is based."* (emphasis added)

*See also Gibson v. Epps,* 352 S.W.2d 45, 47 (Mo.App.1961).

Appellant fails to raise any of the above impediments ((1) lack of jurisdiction over subject matter, (2) failure to give notice, (3) fraud in procurement or concoction of the judgment) to full faith and credit as grounds for setting aside the registration of the Kansas judgment under § 511.760.

■ Appellant's first point on appeal contends that the trial court erred in setting aside and vacating its' February 18, 1981 order quashing the registration of foreign judgment and in entering a final judgment on behalf of respondent as the Kansas judgment was barred by § 516.350 RSMo. (1978). Section 516.350 presumes any debt or judgment to be paid and satisfied after the expiration of ten years from the date of original rendition, if that debt or judgment has not been revived or payment made on the record during the ten year period. This point is ruled against him.

The ten year statute of limitation of § 516.350 does not apply to the judgment registered by respondent, as that judgment of January 3, 1980 was less than a year old when registered. Appellant's reliance on the case of *Swan v. Shelton,* 469 S.W.2d 943 (Mo.App.1971) is misplaced. In *Swan* the court refused to permit the registration in 1970 of a child support judgment entered by an Illinois court in 1957, because more than

---

because an execution must be supported by a valid decree or judgment. *Taylor v. Taylor,* 367 S.W.2d 58, 64 (Mo.App.1963). A void judgment will not support a writ of execution. *Workman v. Anderson,* 297 S.W.2d 519, 522 (Mo.1957).

The following is a chronology of events. (Ks. refers to actions in Kansas, Mo. to Missouri.)

November 24, 1964—Divorce Decree (Ks.)

June 11, 1965—Last child support payment received (Ks.)

December 11, 1979—Respondent filed Motion to Reduce Delinquent Payments to Judgment (Ks.)

December 20, 1979—Appellant served personally in Missouri (notice of hearing)

January 3, 1980—Order reducing to judgment (Ks.) Appellant not appearing and in default

August 20, 1980—Respondent filed for registration of foreign judgment (Mo.)

August 30, 1980—Appellant filed Motion to Quash registration of judgment (Mo.)

February 9, 1981—Motion to Quash argued (Mo.)

February 19, 1981—Motion to Quash *sustained* (Mo.)

February 25, 1981—Respondent filed motion to vacate and set aside the order quashing and order making registered judgment a final judgment (Mo.)

April 27, 1981—Motion to Vacate sustained— Final judgment entered (Mo.)

May 27, 1981—Notice of Appeal filed in Circuit Court (Mo.)

June 9, 1981—Notice of Appeal filed in Appellate Court (Mo.)

*Not in Record on Appeal:*

November 6, 1979—Appellant filed Motion to Set Aside January 3, 1980 judgment (Ks.)

December 3, 1981—Motion to Set Aside Judgment (Kas. Court heard)

Appellant alleges that the court ruled voiding and/or modifying the January 3, 1980 judgment.

ten years had elapsed between the dates of entry and registration. In the instant case the Kansas court attempted to liquidate and reduce to a current lump sum an amount of delinquent child support payments then due. This was not the case in *Swan* and is the reason that the ten year statute and *Swan* are not applicable to the case at bar.

■ Appellant's second point contends that the trial court erred in accepting the January 3, 1980 Kansas action as a new judgment to be registered in the State of Missouri because it was merely an accounting service as to how much child support is owed due to prior judgments and is not required by Kansas law. This point is ruled against him.

In *Riney v. Riney,* 205 Kan. 671, 473 P.2d 77, 83 (1970) (cited by both appellant and respondent), the Supreme Court of Kansas stated:

"In cases of this nature it has been the consistent attitude of this court over a long period of years that where there is no special reason for strict formality of procedure the existence of irregularities therein does not render void the judicial process by which parties endeavor to maintain their rights. (*Korber v. Willis,* 127 Kan. 587, 274 P. 239).

It is apparent the trial court is under no obligation to ascertain the total amount of past due installments under a divorce decree and render another judgment if such installments have not become dormant. (*Haynes v. Haynes,* 168 Kan. 219, 212 P.2d 312; and *Ortiz v. Ortiz,* 180 Kan. 334, 304 P.2d 490.) But this does not mean the trial judge cannot do so if he wishes, and having done so, unless there appears to be a special reason to declare

the court's action void, it will not be declared void. (*See Korber v. Willis,* supra.)"

It is quite possible as appellant contends, respondent's judgment of January 3, 1980 is merely the product of a judicial accounting system. This fact however, does not invalidate the Kansas judgment, and it remains enforceable in Missouri under Rule 74.79. As mentioned in footnote 1 if a new judgment now prevails in Kansas it can be registered in Missouri.

■ Appellant next attacks the Kansas court's computation of the amount due. This argument must also fall because if, as the appellant complains, the Kansas District Court erred in its mathematics, the Missouri courts are certainly not the proper place to attack the computation. The appellant could have directly attacked the computation of the District Court on January 3, 1980, at the hearing, but he chose not to appear.[2] The computation could also have been attacked by post trial motion or appeal in Kansas, but appellant instead remained silent and permitted the judgment to become final. The appellant cannot here collaterally attack the Kansas court's computation on appeal. *See Corning Truck & Radiator Service v. J.W.M., Inc.,* 542 S.W.2d 520, 526 (Mo.App.1976).

■ The final point of appellant contends that the Missouri 10 year statute of limitations against judgments which have not been revived or executed upon should have been applied, as the law of the forum rather than that of the place where the foreign judgment was rendered, governs. This point is also ruled against him.

2. The appellant argues that the amount of child support found due by the computations of the Kansas District Court was in error because of the Court's total disregard for the Kansas Statute of Limitations as stated in K.S.A. 60–2403. The Kansas Statute provides that if execution, including any garnishment proceeding and any proceeding in aid of execution, shall not be sued out within five years from the date of judgment, order reviving judgment, or if five years have intervened between the date of the last execution issued on such judgment and the suing out of another writ, such judgment, including court costs shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. If a judgment becomes dormant and is not revived as per K.S.A. 60–2404, within a period of two years, the judgment is released of record by the court clerk, and is barred under the provisions of K.S.A. 60–2403.

There is not here an issue of conflicts of law. The trial court was bound to register the presumed valid Kansas judgment that met muster for full faith and credit. The Missouri statutes of limitation pertaining to child support judgments are not applicable to nor controlling over an apparently valid Kansas judgment to be registered pursuant to a petition in compliance with requirements of § 511.760.3 and Rule 74.79(c).

Appellant has at no point in his brief cited any Kansas or Missouri authority stating that the Kansas court did not have jurisdiction over the subject matter. Thus appellant has failed to overcome the presumption of validity to which the January 3, 1980 child support judgment is due, under the full faith and credit clause of the Federal Constitution. Appellant may have had affirmative defenses regarding the computation of the judgment and the Kansas statute of limitations, as pertaining to periodic support payments, but he failed to appear at the original hearing or appeal from it; he cannot now at this late date collaterally attack the final valid Kansas judgment by raising his waived defenses in the Courts of Missouri. *Corning, supra.*

The judgment is affirmed.