**147**

**Karen CROWDER, Respondent,**

v.

**Terry CROWDER, Petitioner-Appellant.**

**No. 49670.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1985.

Charles P. Todt, Clayton, and John Bleckman, St. Louis, for petitioner-appellant.

Robbye Ellen Hill, St. Louis, for respondent.

KAROHL, Judge.

Appellant, Terry Crowder (husband), appeals from an order of the Circuit Court of St. Louis County, Missouri which denied with prejudice appellant's motion to quash execution and dismiss the petition of respondent, Karen Crowder (wife), for registration of foreign judgment. Former wife's petition sought to register in the Circuit Court of St. Louis County, Missouri, a final judgment entered by the circuit court of Williamson County, Illinois, including a provision for appellant's responsibility for marital debts and obligations. We reverse.

Former husband claims: (1) the trial court erred by failing to dismiss wife's petition because the foreign judgment on its face recites that the Illinois court lacked in personam jurisdiction over appellant, (2) the trial court's ruling is unsupported by evidence, and (3) the trial court erred in allowing cross-examination about service of process on husband after the judgment because the questions were not relevant to any material issue and were beyond the scope of direct examination.

The parties separated in July, 1980, at which time husband moved to St. Louis. On December 15, 1980, the Circuit Court of Williamson County, Illinois, entered a final judgment of dissolution of marriage of the parties based on publication service and ordered all marital property located in Illinois awarded solely to wife. The Illinois court granted wife custody of the minor child. Issues of visitation, child support and maintenance were deferred by the court "until personal service and Impersonum [sic] Jurisdiction is had on" appellant. Wife attempted to register only the following part of the Illinois judgment:

> 3. The Court *finds* that the Respondent is responsible for debts and obligations incurred by the Respondent and the parties during the time of their marriage, which debts total $2800.00. (our emphasis)

On May 29, 1984, former wife filed a petition for registration of foreign judgment. Her pleadings in Missouri allege husband "has not paid the balance of $1,315 or the legal rate of interest on the balance" of the $2800 debt and obligation ordered paid by husband in the December 15, 1980, Illinois judgment. On August 13, 1984, husband filed a motion to quash execution and dismiss wife's petition for registration of foreign judgment. The minutes of proceedings reflect that on September 17, 1984, the court "decrees that the registration of Foreign Judgment on December

15, 1980 in the sum of $1,315 with interest and costs thereon incurred becomes on this date a final judgment of this Court and is entered accordingly." Husband's motion to quash execution and dismiss wife's petition was overruled without prejudice on November 5, 1984, and husband was granted twenty-one days to file a responsive pleading. On November 15, 1984, husband refiled his motion to quash execution and dismiss wife's petition. On January 17, 1985, husband's motion was called, heard and denied with prejudice. This appeal followed from that judgment.

Wife by her pleadings attempted to register only the money judgment provisions of the Illinois decree relating to payment of marital debts. We note that the *finding* on marital debts may not be a part of the judgment. The court "awarded" marital property and custody. It did not "award" marital debts and did not "order" husband to pay money in the amount of the marital debts to the wife.

The December 15, 1980, Illinois judgment on its face discloses the Illinois court lacked personal service and in personam jurisdiction over husband. We find nothing in the record to refute this fact. The rule is well established in Missouri and Illinois that a judgment ordering a party to pay money is void when the court has no jurisdiction over the person of the party. *Gaffney v. Gaffney*, 528 S.W.2d 738, 742 (Mo. banc 1975), citing *Pennoyer v. Neff*, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877); *Martin v. Schillo*, 389 Ill. 607, 60 N.E.2d 392 (1945), *cert. denied*, 325 U.S. 880, 65 S.Ct. 1572, 89 L.Ed. 1996 (1945).

If wife's attempted registration of the "money judgment" portion of the December 15, 1980, Illinois judgment is in fact a part of the judgment it is not entitled to full faith and credit under the Uniform Enforcement of Foreign Judgment Law. § 511.760 RSMo 1978; Rule 74.79. In a registration of foreign judgment proceeding jurisdiction is an authorized defense. § 511.760.8 RSMo 1978; Rule 74.79(h). Foreign judgments rendered without jurisdiction are not entitled to full faith and credit in Missouri. *Turner v. Turner*, 637 S.W.2d 764, 769 (Mo.App.1982).

We find the trial court erred as a matter of law by overruling husband's motion to quash execution and dismiss wife's petition for registration of that part of a foreign judgment which was either not a money judgment or if it was, then, not supported by in personam jurisdiction.

We reverse and remand to the trial court to enter an order dismissing wife's petition for registration.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.