**Daun Marie Adams MARTIN,
Respondent,**

v.

**David Michael ADAMS, Appellant.**

**No. WD 37796.**

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Gabriel A. Domjan, Domjan & Lashley, Harrisonville, for appellant.

Ralph E. Pratt, Independence, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

This appeal concerns the registration of a 1970 Alabama divorce decree and a 1978 Alabama child support decree by Daun Adams Martin (Daun) against her former husband David Adams (David). Pursuant to the Uniform Enforcement of Foreign Judgments Act, § 511.760 Revised Statute of Missouri 1978, the trial court registered the Alabama judgment. David's two points on his appeal attack the subject matter jurisdiction of Alabama and the underlying divorce decree for being indefinite and for referring to proof calling for another hearing. The judgment is affirmed.

In May 1970 the parties obtained a divorce decree in Alabama. David was to pay $250 a month in child support. On June 1, 1971 he was to pay $300, but that new amount could be increased based on a formula geared to any increased income of David. The decree also required him to pay more based on changes in the 1970 cost of living index.

In 1973 David filed a motion to modify. Daun cross filed alleging David had not supplied as the decree had mandated, his statement of income, and he owed her, as of May 1, 1973, a total of $3,531 in back child support. Trial was had in 1975 and in January 1978 the Alabama trial court awarded $3,531 to Daun. It is this judgment's registration David contests.

In the Missouri trial court, David's sole argument was to allege Daun had in November of 1975 filed in Minnesota a motion to modify the Alabama divorce decree to limit his visitation. He told the trial judge the Minnesota court heard this matter in December 1976 and in January, 1977 left unchanged his visitation rights with the children who resided there with their mother. David contends Alabama did not have jurisdiction to enter the 1978 judgment because subject matter jurisdiction was transferred to Minnesota in 1977.

The Uniform Act provides full faith and credit in Missouri to judgments rendered in another state. Section 511.760 RSMo. Judgments rendered by a sister state must be given full faith and credit unless there was a lack of jurisdiction over the subject matter, a failure to give notice or fraud in the procurement of the judgment. *Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524 (Mo. App.1976). It is presumed that a foreign court had jurisdiction both over the parties and the subject matter and that the court followed its laws and entered a valid judgment in the case. *Id.* A party asserting the invalidity of a foreign judgment must overcome the presumption of validity. *McDougal v. McDougal*, 279 S.W.2d 731, 740 (Mo.App.1955).

A court has continuing jurisdiction to control a case until its judgment becomes final and appealable. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969); *Richey v. Meter Investments, Inc.*, 680 S.W.2d 381, 384 (Mo. App.1984). The Alabama court had jurisdiction to order relief in a cause of action initiated before it by the husband. The intervening Minnesota action could not divest the Alabama court of jurisdiction in its own case. *Billingsley v. Billingsley*, 285 Ala. 239, 231 So.2d 111, 114 (1970). David has failed to overcome the presumption of validity of the 1978 decree.

In any event it would be most unfair to allow David in 1986, in Missouri, to argue the Alabama modification brought by him in 1973 but not reduced to judgment until 1978, was voided by the Minnesota visitation action commenced in 1975 and reduced to judgment in 1977. *Castle v. Castle*, 642 S.W.2d 709 (Mo.App.1982). He has shown this court no Alabama or Missouri authority to sustain this argument. *Castle, supra* at 714. His point is denied.

David's other point as to indefiniteness of the Alabama divorce decree will not be considered since he raises it for the first time on appeal. *Turpin v. King*, 693 S.W.2d 895, 896 (Mo.App.1985).

The judgment is affirmed.

All concur.