**JOOR TRUCKING, INC., Appellant,**

v.

**MID–AMERICA BOTTLING CORPORA-TION, and BarclaysAmerican/Business Credit, Inc., and National Can Corporation, Respondents.**

No. 52270.

Missouri Court of Appeals,
Eastern District,
Division One.

May 26, 1987.

Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons, Timothy R. Anderson, Donald H. Clooney, St. Louis, for Joor Trucking, Inc.

Rodney William Stippel, St. Louis, for Barclay's American/Business Credit, Inc.

Philip G. Louis, St. Louis, for Nat. Can Corp.

CRIST, Judge.

Joor Trucking, Inc., (Judgment Creditor) appeals from the trial court's summary judgment orders holding BarclaysAmerican/Business Credit, Inc., and National Can Corporation (Secured Creditors) had priority over accounts owed to Mid-America Bottling Corporation (Debtor) which Judgment Creditor had sought to collect through garnishment. Judgment Creditor also appeals the denial of its motion for pay out order to release funds received by the court registry through the garnishment. We reverse and remand.

On October 4, 1984, Secured Creditor Barclays filed a financing statement with the Secretary of State which provided that all of Debtor's accounts, whether then existing or thereafter created or acquired, were covered by the financing statement. On January 2, 1986, Secured Creditor National Can also filed a financing statement with the Secretary of State which covered Debtor's accounts. On April 18, 1986, Judgment Creditor obtained a default judgment against Debtor in the amount of $29,-445.51 and thereafter initiated action to collect the judgment debt through the garnishment of accounts owed to Debtor by

several grocery stores with which Debtor did business.

Both Secured Creditors sought and were allowed to intervene. Each pled it had priority over Judgment Creditor to the garnished funds due to their prior perfected security interests. Each sought summary judgment declaring its priority and ordering the heretofore garnished funds paid into the court registry be paid to each. In support of the motions, each Secured Creditor submitted the filings from the Secretary of State's office which included financial statements.

The trial court granted summary judgments and entered an order finding Judgment Creditor's interest to be junior to both Secured Creditors, finding Secured Creditor National Can's interest to be junior to Secured Creditor Barclays' interest, and ordering payment accordingly. It denied Judgment Creditor's motion to have the trial court release to it funds held in the court registry.

■ Nowhere in the record does it appear that either Secured Creditor gave any value to Debtor from which a secured debt could arise. Secured Creditors only provided the court with the financial statements which, if value was given, would have given Secured Creditors priority. Moreover, even if the pleadings by Judgment Creditor in its motion for release of funds admitted Judgment Creditor Barclays' security interest arose as a result of a line of credit extended to Debtor, the extent of the debt covered by the collateral was not proven. Without knowing the extent of the debts, it was impossible for the trial court to find Secured Creditor had a superior interest in the garnished funds.

■ Secured Creditor Barclays asserts the amount of the debt owed to it was proven by an uncontested affidavit by Debtor's president which was filed after entry of the summary judgments and presented in a motion to supplement the record and to enforce the judgment. There is nothing in the record to show the trial court allowed the motion to supplement or considered the affidavit. Documents never considered by the trial court cannot be used

to supplement the record on appeal. *Castle v. Castle*, 642 S.W.2d 709, 711 n. 1 (Mo.App.1982). Moreover, the affidavit only gives the amount owed, a sum in excess of $315,000, as of August 29, 1986, when summary judgment on behalf of Secured Creditor Barclays was entered. Even had the affidavit been considered, there is nothing in the record to show the existence of a debt between the time Judgment Creditor initiated garnishment and the date the trial court entered the summary judgment.

The orders are reversed and the cause is remanded.

SATZ, P.J., and KELLY, J., concur.