**Terri L. JOHNSON, Respondent,**

v.

**Scott JOHNSON, Appellant.**

**No. 54058.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 16, 1989.

Claude Hanks, St. Louis, for appellant.

Patrick R. Gunn, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

In this appeal from the trial court's denial of his motion to quash a garnishment, appellant challenges the validity of the underlying judgment of a court in the state of Texas. We affirm the trial court because appellant has failed to sustain his burden of overcoming the presumption of validity of this judgment.

Appellant, Scott Marshall Johnson, and respondent Terri Lynn Johnson, were married in St. Louis, Missouri. Two children were born of this marriage. Appellant and respondent separated in 1981. Sometime thereafter respondent moved to Texas with the children and filed suit for divorce. On December 4, 1984 the District Court of Collin County, Texas entered a Decree of Divorce awarding custody of the children to respondent and ordering appellant to pay $500 per month as child support. The decree recites the personal appearance of respondent, the default and non-appearance of appellant, and that all parties entitled to citation were properly cited (the Texas expression for service of original process, comparable to service of summons and petition under Missouri Rule 54; *See Burrage v. Hunt Production Co.*, 114 S.W.2d 1228, 1239 (Tex.Civ.App.1938.)) The decree further provides:

> The court, having examined the pleadings and heard the evidence and argument of counsel, finds that all necessary residence qualifications and prerequisites of law have been legally satisfied, that this court has jurisdiction of all the parties and subject matter of this cause, and that the material allegations contained in petitioners pleadings are true.

On April 24, 1987 respondent filed in the Circuit Court of St. Louis County a petition for registration of foreign judgment pursuant to Supreme Court Rule 74.79 (repealed January 1, 1988).[1] An authenticated copy of the Texas judgment was attached to the petition. On April 27, 1987 the court ordered this judgment registered pursuant to Rule 74.79(b). Summons was issued pursuant to Rule 74.79(d) and, after a non-est return, an alias summons and copy of the petition were personally served upon appellant on May 26, 1987. No pleading having been filed within 30 days, the court entered its final judgment against appellant on July 6, 1987 pursuant to Rule 74.79(g). No appeal from this final judgment as authorized by Rule 74.79(k) was taken. Without obtaining leave of court or attempting to seek an extension of time for the filing of a responsive pleading, appellant mailed an answer, which was received by the clerk of the St. Louis County Circuit Court on July 9, 1987.

---

**1.** Former Rule 74.79, identical to § 511.760 RSMo.1986, was the 1948 version of the Uniform Enforcement of Foreign Judgments Act. Both the Rule and the Statute were superseded by present Rule 74.14, the 1964 version of the Uniform Enforcement of Foreign Judgments Act, effective January 1, 1988. The instant case is governed by the procedures established under the prior Rule.

On October 1, 1987 respondent caused a Writ of Sequestration to be served upon appellant's employer, the Mehlville School District. Although not reflected in the legal file, attached as an Exhibit to respondent's brief is a copy of appellant's Motion to Quash Garnishment (sic) in which he alleges that he has never been in Texas and that no service was obtained upon him in Colon (sic) County, Texas, or any other county of Texas and that the Texas court lacked jurisdiction to enter judgment against him. A hearing was held on October 26, 1987 at which appellant testified he had never lived or been served with any papers in Texas. He admitted being personally served with the divorce papers in St. Louis County, Missouri. He also testified that except for the payment of less than the full amount of child support he has complied with the other portions of the divorce decree. On November 16, 1987 the trial court denied the motion to quash and this appeal ensued.

■■■ On appeal appellant contends the Texas judgment is invalid and not entitled to full faith and credit because the Texas court lacked personal jurisdiction over him. A foreign judgment rendered without personal jurisdiction is not entitled to full faith and credit. *Crowder v. Crowder*, 700 S.W. 2d 147, 148 (Mo.App.1985); *Turner v. Turner*, 637 S.W.2d 764, 769 (Mo.App. 1982). Nevertheless, a foreign judgment, regular on its face, as is the Texas judgment in this case, is entitled to a strong presumption that the foreign court had jurisdiction both over the parties and the subject matter and that the court followed its laws and entered a valid judgment. *State of Minnesota, Marshall County v. Bybee*, 744 S.W.2d 511, 513 (Mo.App.1988); *Martin v. Adams*, 718 S.W.2d 168, 169 (Mo. App.1986). The burden of overcoming this presumption of validity is upon the party attacking the judgment. *Martin*, 718 S.W. 2d at 169; *Prom Motor Hotel, Inc., v. Motel Training Co. of America*, 686 S.W. 2d 896, 897 (Mo.App.1985). Appellant contends his testimony that he had never lived in Texas is sufficient to overcome this presumption. We disagree.

Not only was the trial court free to disbelieve this testimony, *Alice v. Ronald*, 683 S.W.2d 307, 310 (Mo.App.1984), assuming its truth, the fact appellant did not live in Texas does not necessarily preclude the right of that state to exercise personal jurisdiction regarding the duty to support his children residing in Texas as a result of his acts or directives or approval. Tex. Fam.Code Ann. § 11.051(2) (Vernon 1986) provides:

> In a suit affecting the parent-child relationship the court may exercise personal jurisdiction over a person on whom service of citation is required or over the persons personal representative, although the person is not a resident or domiciliary of this state if: (2) the child resides in this state, as defined by § 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required.

In construing this statute Texas courts have recognized not only the vital state interest in the rights and welfare of children within its borders, but also the due process requirement of minimum contacts by the defendant with the forum state as a foundation for the exercise of personal jurisdiction.

> "In order for the initial clause of Subdivision (2) to apply, there must be some evidence of some affirmative 'act or directive' by the non-resident defendant which caused or resulted in the children's residence in Texas; silent acquiescence in the other parent's action will not suffice.

> "The word 'approval,' as used in the second clause of Subdivision (2), also means some affirmative manifestation of consent to, or ratification of, the children's change of residence. Failure to object to the change of the children's residence, when such a change is made by a person who has legal custody, does not constitute 'approval' as required by the statute." *Ford v. Durham*, 624 S.W. 2d 737, 739 (Tex.Civ.App.1981), quoting from *Bergdoll v. Whitley*, 598 S.W.2d 932, 934–35 (Tex.Civ.App.1980).

Thus, as opposed to mere acquiescence, affirmative action by a non-resident parent regarding the residence of his or her children in Texas is viewed as an invocation of the benefits and protections of Texas laws, thereby satisfying the minimum contacts requirements of *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Therefore, appellant's testimony that he has never lived in Texas, standing alone, fails to sustain his burden of overcoming the presumption that the Texas court followed its laws and entered a valid judgment for child support. In the absence of evidence tending to negate appellant's affirmative participation in his children taking up residence in Texas, we can find no error in the judgment of the trial court.

Having reached this conclusion we need not address respondent's arguments that appellant is estopped from asserting this belated attack upon the Texas judgment. The denial of appellant's motion to quash is affirmed.

PUDLOWSKI, C.J., and SIMEONE, J. concur.

