**WATERLOO LUMBER COMPANY, INC., Plaintiff/Respondent,**

v.

**Danny Franklin GARDNER, a/k/a Daniel Gardner, d/b/a Gardner Planning & Construction, Defendant/Appellant.**

No. 58209.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1991.

Benson Cytron, House Springs, for defendant/appellant.

Floyd T. Norrick, Hillsboro, for plaintiff/respondent.

GRIMM, Judge.

This action arises under the Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1986; Rule 74.14. Defendant Danny Gardner appeals from the trial court's judgment and order which registered plaintiff's Illinois judgment against him. We affirm.

### I. Background

On June 16, 1980, a "Construction Agreement" was executed in which "Gardner

Planning & Constr Inc" agreed to build a house for Robert and Claudia Klohr in Monroe County, Illinois. The agreement was signed "Gardner Planning & Constr Inc. Builder By Robert S Achtyl."

Waterloo Lumber Company, Inc., furnished materials and supplies to build the Klohr house. The Klohrs paid defendant the full amount of the contract; however, defendant failed to pay Waterloo. Also, the Klohrs failed to obtain the necessary lien waivers from defendant.

Waterloo filed suit in Monroe County, Illinois, against the Klohrs and "Daniel Gardner d/b/a Gardner Planning and Construction." An alias summons, directed to "Daniel Gardner," * was issued and a Jefferson County, Missouri deputy sheriff served it on defendant on January 13, 1982.

Defendant did not file an answer or any other responsive pleading, nor did he appear in court. Waterloo and the Klohrs appeared by their respective attorneys. The Illinois court found Waterloo complied with the Illinois Mechanics' Lien Act and was entitled to a judgment. On October 1, 1986, the Illinois court rendered judgment in favor of Waterloo and against the Klohrs and "Daniel Gardner d/b/a Gardner Planning and Construction" for $33,644.15 plus court costs.

On July 23, 1987, Waterloo filed its petition for registration of the Illinois judgment in the circuit court of Jefferson County, Missouri. Defendant answered, alleging the Illinois judgment was not entitled to registration because the Illinois court did not have "jurisdiction over the person of the defendant."

At the hearing on the petition, Waterloo introduced into evidence (1) the October 1, 1986, Illinois judgment, (2) certificates from the Illinois Secretary of State that there has never been a corporation "Gardner Planning & Construction, Inc." or "Gardner Planning & Construction Company" incorporated or licensed to transact business in Illinois, and (3) the certificate of service

on defendant on January 13, 1982. The parties also stipulated no payments had been made on the Illinois judgment.

Defendant testified he had never done business under the name Gardner Planning and Construction. Waterloo's attorney objected, stating "the issue of capacity—whether he was working as an individual or not—is one which should have been presented to the Court in the State of Illinois."

After a lengthy colloquy, the trial judge said, "That may be an appropriate issue in the State Court of Illinois [, but] not here." Defendant then made an offer of proof.

Included in his offer of proof was the construction agreement between "Gardner Planning & Constr Inc." and the Klohrs. Defendant testified Robert S. Achtyl, an employee of his corporation but not his personal employee, had signed the agreement. Further, defendant denied ordering any materials from Waterloo; he said two of the corporation's employees ordered the materials. In addition, he said he never received any bills from Waterloo addressed to "Daniel Gardner," and some payments were made on Waterloo's account by his corporation. He also offered Waterloo's estimate for materials, as well as invoices from Waterloo. All invoices but one were made out to either "Gardner Planning & Const" or "Gardner Planning"; one invoice said "Gardner Planning & Const. Co."

On cross-examination, defendant acknowledged the corporation's employees "would look to [him] for [his] decisions on matters"; the construction agreement "was entered into after [he] spoke to the Klohrs somewhere"; the corporation was never registered in Illinois; defendant went to Illinois during the construction of the house, and he also went afterwards to repair a roof problem.

On February 27, 1990, the trial court issued its "Judgment and Order." It stated:

> The Court denies Defendant's offer of proof because the Court finds that the testimony of the Defendant regarding

---

* Defendant's name is Danny Gardner. However, he concedes the misnomer is of no consequence.

his "representative" capacity in any contract with the Plaintiff involves the merits of the claim, not subject to review by this court. Alternatively, the court finds that from the testimony of the Defendant adduced in such offer of proof Defendant by his own admission had sufficient contact with the State of Illinois so as to purposely avail himself of the privilege of conducting activities within that state.

## II. Offer of Proof

On appeal, defendant alleges the "trial court erroneously declared and applied the law when it sustained objection to evidence relating to the issue of jurisdiction of the Illinois court over the person of [defendant] and rejected an offer of proof." He contends the issue of jurisdiction over the defendant "was one to be determined by the trial court" and the offered evidence was relevant.

"The Missouri courts have held that under Art. IV, Sec. 1 of the U.S. Constitution, 'We give full faith and credit to the judgments of sister states unless it can be shown that there was (1) lack of jurisdiction over the subject matter, (2) a failure to give due notice, or (3) fraud in the concoction of the judgment.'" *Jennings v. Klemme*, 620 S.W.2d 403, 406 (Mo.App.S.D. 1981) (quoting *W.B.M. v. G.G.M.*, 579 S.W.2d 659, 661 (Mo.App.E.D.1979)). "In view of the tightly circumscribed grounds legally recognized as justification for refusing to give full faith and credit to the judgment of a sister state, it is forbidden in actions brought thereon in this state to inquire into the merits of the cause of action upon which the judgment is predicated, the logic or consistency of the decision underlying the judgment, and the validity of the legal principles upon which the judgment is based." *Metropolitan Lumber Co. v. Dodge*, 567 S.W.2d 729 731 (Mo.App. W.D.1978).

Here, defendant claims the trial court erred in refusing his offer of proof consisting of testimony that the materials ordered from Waterloo were ordered by employees of the corporation. Defendant argued these employees were not employed by defendant as an individual.

To the extent that the offer of proof went to the question of whether the Illinois court had personal jurisdiction over the defendant, the offer was proper, the testimony admissible, and the trial court should have accepted it. However, to the extent the offer went to the merits of the underlying cause, the offer was properly denied. See *Jennings*, 620 S.W.2d at 406. We need not discuss this point further, for we resolve the appeal based on the trial court's alternative finding.

## III. Personal Jurisdiction

Defendant also claims the trial court erred in its alternative finding in which it declared the Illinois court had personal jurisdiction. Defendant contends he presented sufficient evidence to show he had "no contacts with the State of Illinois which would make [defendant] subject to the jurisdiction of the circuit court of Monroe County." We disagree.

A foreign judgment, regular on its face, "is entitled to a strong presumption that the foreign court had jurisdiction both over the parties and the subject matter and that the court followed its laws and entered a valid judgment." *Johnson v. Johnson*, 770 S.W.2d 483, 485 (Mo.App.E.D.1989). "The burden of overcoming this presumption of validity is upon the party attacking the judgment." *Id.*

Defendant testified, over a best evidence objection, that his business was a corporation. He also said the employees who ordered the materials from Waterloo were employees of the corporation, not defendant's employees or agents. Defendant contends this testimony is sufficient to overcome the presumption of validity.

The trial court found (1) defendant was relying on a corporation "not incorporated in or licensed to transact business within the State of Illinois" and (2) defendant "was the principal in any contract for the construction of the home in Illinois and in contracts entered with Plaintiff for materials therefore." Defendant admitted he went to the Illinois job site during construction, as well as later to repair a roof. Whether a Missouri corporation existed does not exclude the validity of the Illinois court's finding that plaintiff contracted

with defendant "to provide materials and supplies" to defendant as an individual.

Defendant was sued in Illinois as an individual and personally served with a petition and summons. The Illinois judgment was for the materials and supplies which plaintiff apparently alleged were sold to defendant as an individual. Defendant's personal participation in Illinois in the construction and repair of the house was sufficient to support the trial court's finding that the Illinois court "properly exercised personal jurisdiction over Defendant." *See* Rule 54.-06(a)(1); *Shady Valley Park & Pool, Inc. v. Dimmic,* 576 S.W.2d 579, 580 (Mo.App.E. D.1979).

Defendant does not claim the Illinois court did not have subject matter jurisdiction. Nor does he contend plaintiff's claim of individual liability was fraudulent. Defendant was served with notice of the suit. He had an opportunity to defend against individual liability, but chose not to defend. Under the holdings of *Jennings* and *Metropolitan,* the trial court was required to give full faith and credit to the Illinois judgment. *Jennings,* 620 S.W.2d at 406; *Metropolitan,* 567 S.W.2d at 731.

Under the principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.