Ted **GERACE**, Mario Campanille, and T.E. Mahler, Plaintiffs-Respondents,

v.

Gerald **CONLEY** and Joann Conley, Defendants-Appellants.

No. 13143.

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 1984.

Kenneth A. Wagoner, Moore, Brill & Wagoner, West Plains, for plaintiffs-respondents.

John D. Eakes, Willow Springs, for defendants-appellants.

GREENE, Chief Judge.

This appeal contests a judgment of the trial court entered on February 4, 1983, after a hearing, which registered a foreign judgment entered by the Superior Court of New Jersey on November 15, 1979, in favor of plaintiffs and against defendants in the sum of $6,631.23.

The New Jersey judgment resulted from litigation between the parties in the state of New Jersey, which was settled on or about January 26, 1978, when plaintiffs, defendants, and their respective attorneys signed a stipulation of settlement. The stipulation provided that defendants pay plaintiffs $11,000, with $5,000 of that sum to be paid on January 31, 1978, and that the remaining $6,000, together with interest at the rate of 6% per annum, to be paid on January 31, 1979, for a total payment due on that date of $6,360. The agreement further provided that the $6,000 payment, plus interest, be evidenced by a promissory note executed by defendants and delivered to plaintiffs, and that the note include a separate "warrant of attorney." The settlement agreement also provided for a dismissal with prejudice of the New Jersey proceeding after compliance by defendants with the terms of the settlement in question.

Defendants signed the promissory note referred to in the settlement agreement on

January 31, 1978, and signed a warrant of attorney, directed to "any attorney of any court of law", which reads as follows:

"This is to authorize you to appear for Gerald Conley and Joann Conley, in any Court of competent jurisdiction, in the event of a breach of the condition of the above Promissory Note and to confess judgment against them to the extent of any unpaid principal and interest due hereunder, with costs of suit and release of error; and, this shall be your sufficient warrant ...."

Defendants did not pay anything on the $6,000 principal and accrued interest by January 31, 1979, or at any time thereafter, although numerous demands were made upon them to do so by plaintiffs' attorney. Igor Strum, who had been plaintiffs' attorney in the New Jersey litigation, then confessed judgment in the Superior Court of New Jersey against defendants for the amount of the note plus interest. Notice had been given to defendants and their attorney that the confession of judgment would be made on November 2, 1979. Defendants ignored the notice, and did not contest the entry of the judgment by the New Jersey Superior Court. The New Jersey judgment was entered November 15, 1979. It was in favor of plaintiffs and against defendants in the sum of $6,000 with interest on that sum at 6% per annum from January 31, 1978 to November 2, 1979, which amount was $631.23 for a total judgment of $6,631.23.

Plaintiffs then petitioned the circuit court of Howell County, Missouri, to register the New Jersey judgment, an authenticated copy of which was attached to the petition. Upon discovering that defendants, whose mailing address was Mountain View, Missouri, were residents of Texas County, and not Howell, the Howell County petition was dismissed without prejudice and refiled in the Texas County Circuit Court. This petition was accompanied by a copy of the authenticated copy of the New Jersey Superior Court judgment, the authenticated copy being in the Howell County Circuit Court file. Service was obtained on defendants.

On November 9, 1982, the Texas County Circuit Court entered an order that the New Jersey judgment be filed and registered as a foreign judgment and that execution issue thereon. A hearing was held on February 4, 1983, and evidence heard, after which the Texas County Circuit Court, in a judgment, affirmed its preliminary order and declared the New Jersey judgment duly established and recorded in this state as a foreign judgment having full force and effect.

In their first appellate point relied on, defendants contend that the Missouri trial court's preliminary order of November 9, 1982, was void, due to lack of jurisdiction of the trial court because an authenticated copy of the New Jersey judgment was not attached to plaintiffs' petition filed in Texas County. Section 511.760.3, RSMo 1978, provides that any person wishing to register a foreign judgment shall file a verified petition for registration in the proper forum, together with an authenticated copy of the judgment to be registered. This section was not technically complied with, as the authenticated copy, with its attendant ribbons and seals, was still in the Howell County file but a copy of that document did accompany the Texas County petition, which was served on defendants, and the true authenticated copy was introduced in evidence at the hearing, without objection by defendants.

Even if this claim of alleged jurisdiction defect was valid, which we doubt, since the filing of the *authenticated* copy of the foreign judgment at the time of the filing of the petition to register such judgment is a prerequisite to execution on the judgment, and is not a prerequisite to jurisdiction of the court hearing the petition for registration, so long as the plaintiff presents as evidence to the trial court before judgment an authenticated copy of the foreign judgment, as was done here [*First Nat. Bank of Colo. Springs v. Mark IV*, 591 S.W.2d 63, 68 (Mo.App.1979)], any possible error claimed here was waived because of failure of defendants to object to

the introduction into evidence of the authenticated copy at the hearing, or to raise the issue via a motion for new trial before judgment was entered. *Ohlendorf v. Feinstein,* 636 S.W.2d 687, 690 (Mo.App.1982).

Defendants' next claim of error is that the Missouri trial court's action in registering the New Jersey judgment is erroneous because the New Jersey lawsuit between the parties that gave rise to the settlement agreement and the ensuing issuance of the promissory note was dismissed with prejudice before judgment was rendered after default in the note payments. No case in point is cited by defendants to uphold this rather novel point relied on. The New Jersey judgment sought to be registered here was independent of the original New Jersey litigation, since it was based on a promissory note executed by defendants as partial settlement of their liabilities in the original suit. The point is denied.

Defendants' third point is that the New Jersey judgment is invalid because it was obtained pursuant to a warrant of attorney, and there is no showing in the record that an attorney appeared for defendants in that proceeding and confessed judgment against them based on the warrant of attorney.

In New Jersey, a judgment by confession may be entered by a warrant of attorney provided notice is given and the warrant of attorney is produced at the time of hearing, as well as the instrument sued on, accompanied by an affidavit stating the consideration for the liability allegedly owed. New Jersey Civil Practice Rules 4:45–1, 2. The New Jersey judgment sought to be registered in Missouri recites that all of those requirements were complied with.

Article IV, § I of the Constitution of the United States provides that judgments of sister states are entitled to full faith and credit. The only defenses that may be raised collaterally to attack a foreign judgment are 1) lack of jurisdiction over the subject matter, 2) failure to give due notice, or 3) fraud in the procurement or concoction of the judgment. A presumption of validity attaches to the foreign judgment which an attacking party has the burden of overcoming. *Flieder v. Flieder,* 575 S.W.2d 758, 760 (Mo.App.1978). Defendants offered no proper evidence in the Missouri hearing to overcome the presumption. The point is denied.

Defendants' final point is that the Missouri court erroneously excluded evidence of defendants' that tended to show that the New Jersey court had no personal jurisdiction over them. At trial, counsel for defendants attempted to elicit answers to his questions to witness Joann Conley concerning notice, appearance by her attorney, etc., at the New Jersey hearing. These questions were objected to, and the objections sustained on the grounds the answers would be irrelevant and immaterial. No offers of proof were made as to what the witness would testify to if permitted to answer the questions. A complaint as to the exclusion of evidence will not be considered on appeal unless an offer of proof was made at the trial court level. *International Harvester Credit v. Formento,* 593 S.W.2d 576, 579 (Mo.App.1979). The point is denied.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.