**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent,**

v.

**K.J.W. DEVELOPMENT COMPANY, Appellant.**

**No. WD 35502.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

Rehearing Denied March 5, 1985.

Daniel William Olsen, Kansas City, for appellant.

Leonard J. Johnson, Kansas City, for respondent.

Before TURNAGE, C.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a civil action concerning the registration of a foreign judgment.  The judgment is affirmed.

Two points are presented, which in summary charge that the trial court erred when it entered its judgment authorizing the registration of a foreign judgment, because (1) respondent was not the proper party to register the judgment, and in declaring that respondent was the proper party, the trial court herein amended the foreign judgment, and (2) the foreign judg-

ment was rendered in favor of another party and not respondent.

Before setting forth in summary the pertinent facts, it is noted that the charged errors herein are in reality only two variations of a single alleged error. They are taken up, discussed and disposed of conjunctively.

The record reveals the following facts.

On August 8, 1980, the Mission State Bank & Trust Company was closed by the Kansas State Bank Commission. Respondent (hereinafter F.D.I.C.) was appointed receiver pursuant to an order of the District Court of Johnson County, Kansas. On the same day (8–8–80), the Kansas District Court, by order, approved the sale of assets and the transfer of liabilities of the Mission Bank to the F.D.I.C., which authorized the F.D.I.C. as receiver to sell assets and liabilities to an assuming bank and also to sell any remaining assets to the F.D.I.C. in the F.D.I.C.'s corporate capacity. That same court order further ruled that the F.D.I.C., as receiver and in its corporate capacity, was authorized to execute all documents and perform all acts necessary, proper, and convenient to carry out the terms and provisions and to otherwise implement the intent and purpose of the purchase and assumption agreement and the contract for sale and indemnity agreement.

As receiver, the F.D.I.C. entered into a purchase/assumption agreement with an assuming bank which effected disposal of part of the Mission Bank assets. The remaining assets were sold by the F.D.I.C., as receiver, to the F.D.I.C. in its corporate capacity. One of the assets sold to the F.D.I.C., in its corporate capacity, was a December 21, 1979 commercial loan owed by appellant (hereinafter K.J.W.). The initial loan was for $257,000.00. The principal sum due on August 8, 1980 was $83,468.93. There is no dispute between the parties as to the amount of the balance or that the debt is owed.

On November 26, 1980, the Mid-American Bank and Trust Company filed an action in the Circuit Court of Whitley County, Kentucky, naming among others as defendants, the Mission State Bank and K.J.W. Mission State Bank appeared by and through its liquidator, William S. Bryant of the F.D.I.C. By and through Bryant, an answer and cross-claim against K.J.W. was filed. By way of the cross-claim, recovery of the balance on the K.J.W. loan was sought. On the basis of admissions and within the answer of K.J.W. to the cross-claim, the Mission State Bank, through Bryant on August 15, 1981, filed a motion for judgment on the pleadings.

The Kentucky court, on October 8, 1981, entered judgment in favor of the Mission State Bank, "by and through William S. Bryant, liquidator, F.D.I.C." and against K.J.W. On November 18, 1981, K.J.W. moved the Kentucky court to dismiss the cross-claim on the basis that the Mission State Bank had previously ceased to exist and that the F.D.I.C. was the real party in interest. A subsequent motion to vacate the Kentucky judgment alleged the same grounds. Both motions were overruled by the Kentucky court. The Kentucky judgment was then assigned to the F.D.I.C. in its corporate capacity on June 14, 1983. This assignment was filed with the Clerk of the Circuit Court of Whitley County, Kentucky and a copy of the assignment and filing were served on K.J.W.

On October 20, 1982, the F.D.I.C. filed its petition for Registration of a Foreign Judgment in the 16th Judicial Circuit of Missouri. K.J.W. filed a special appearance and answer with an attached memorandum in opposition to the petition for registration. In this proceeding, K.J.W. argued that the F.D.I.C. was not the real party in interest and therefore was not entitled to register the Kentucky judgment in its own name. On August 18, 1983, the 16th Judicial Circuit Court overruled the motions of K.J.W. to set aside the registration of the foreign judgment. On September 1, 1983, K.J.W. filed a motion for a new trial or alternatively, to open the judgment, make findings of fact, and to direct entry of a new judgment. K.J.W. again argued that the F.D.I.C., not being the real party in interest, was therefore not entitled to register the

foreign judgment. On November 9, 1983, the 16th Judicial Circuit overruled the second motion of K.J.W. On November 23, 1983, the 16th Judicial Circuit Court entered its final judgment, which included the determination that the F.D.I.C. was the party entitled to register the foreign judgment and to collect the judgment against K.J.W. This appeal followed.

On this appeal, K.J.W. asserts that because the F.D.I.C. was not proper party to register the foreign judgment, the trial court erred in declaring the F.D.I.C. to be the proper party, and with that declaration, the trial court amended the Kentucky judgment. It also alleges that the trial court further erred in finding that the Kentucky judgment was rendered in favor of Mission State Bank by and through William S. Bryant, liquidator for the F.D.I.C., because the Kentucky judgment did not grant that judgment to the F.D.I.C. but instead granted judgment to Mission State Bank.

In support of its initial assertion, K.J.W. cites to this court authority from our sister state of Illinois. This court is not bound to acknowledge or follow that authority in light of existing Missouri case authority and a Supreme Court rule which is dispositive of the issue. The Missouri Supreme Court rule, Rule 74.79(b) reads as follows:

### Rule 74.79. Uniform Enforcement of Foreign Judgment Law

.    .    .    .    .

(b) Registering Foreign Judgment. On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action.

Particular attention is directed to the above portion of Rule 74.79(b), which reads, "any person entitled to bring such *action may have a foreign judgment registered in any court of this state having jurisdiction in such action.*"

■ It is not disputed herein that the 16th Judicial Circuit Court was a court with proper jurisdiction. In addition, K.J.W.'s

assertion fails as regards its contention that the F.D.I.C. was not a proper party to seek registration of the Kentucky judgment, because the Kentucky judgment was subsequent to its entry *assigned* by the F.D.I.C., in its receiver capacity, to the F.D.I.C., in its corporate capacity. This assignment was filed of record in the Kentucky court and notice thereof was duly served upon K.J.W. Missouri Supreme Court Rules 74.65 and 74.68 reads as follows:

### Rule 74.65. Assignment of Judgments

Judgments of courts of record (including magistrate courts) for the recovery of money may be assigned in writing by the plaintiff and by the assignees thereof, successively, which assignments shall be on, or attached to the judgments, and attested by the judge or clerk of the court, or magistrate, and when so made and attested, shall vest the title of such judgments in each assignee thereof, successively.

### 74.68. Assignee of Judgment—Rights of

Any action or other proceeding, which the plaintiff in any judgment might have thereon, may be maintained in the name of the assignee.

■ The foregoing rules clearly authorize the assignment of judgments in Missouri, and subsequent actions may be maintained in the name of the assignee. In the course of the proceedings herein, the Missouri F.D.I.C. had admitted a certified copy of the judgment assignment. This exhibit establishes that the state of Kentucky also recognizes the assignment of judgments. Research has disclosed no contrary ruling by the Kentucky courts, and this court is authorized to presume that the law of Kentucky on the subject is the same as Missouri Law. *Aman Collection Service, Inc. v. Burgess,* 612 S.W.2d 405, 408 (Mo.App. 1981). The above exhibit was a clear assignment of the Kentucky judgment made by the F.D.I.C., as receiver, to the F.D.I.C., in its corporate capacity, under date of June 14, 1983, and said assignment is clear-

ly *not* contrary to Missouri law or Kentucky law.

 It must be further noted that by definition, a foreign judgment is one entitled to full faith and credit in Missouri. *Metropolitan Lumber Co. v. Dodge,* 567 S.W.2d 729, 731 (Mo.App.1978). Full faith and credit must be given unless there was (1) a lack of jurisdiction over the subject matter, (2) there was a failure to give due notice and/or (3) there was fraud in the procurement of the judgment. *Metropolitan* at 731 further declares, "In view of the tightly circumscribed grounds legally recognized as justification for refusing to give full faith and credit to the judgment of a sister state, it is forbidden in actions brought thereon in this state to inquire into the merits of the cause of action upon which the judgment is predicated, the logic or consistency of the decision underlying the judgment, and the validity of the legal principles upon which the judgment is based."

K.J.W. does not contend that the judgment herein was procured within any of the three categories outlined above, nor does this record even suggest that the judgment was procured within any of those categories. The conclusion must be and is drawn that K.J.W. has failed to show this court why the Kentucky judgment is not entitled to full faith and credit. This court is not permitted to inquire beyond subject matter jurisdiction, failure to give notice, and/or fraud in the procurement, and there is absolutely no showing that this judgment falls within any of the above three categories. There is absolutely no merit to the first contention by K.J.W.

K.J.W. further asserts error by the trial court in that the court's finding that the final Kentucky judgment was rendered in favor of the Mission State Bank, by and through William S. Bryant liquidator for F.D.I.C., because the Kentucky judgment does not grant judgment to the F.D.I.C. but instead grants that judgment to Mission State Bank.

K.J.W. fails to define for this court how the foregoing makes any real difference toward disposition of this matter. It is of no significance anyway in light of the subsequent assignment of the Kentucky judgment discussed above. The Kentucky judgment was, of record in Kentucky, assigned to the F.D.I.C. in its corporate capacity. Rule 74.79 clearly notes that in order to register a foreign judgment, the party seeking to do so did not or does not have to have been a party to the original action. There is no merit to this final assertion of K.J.W.

In conclusion, it is found that the trial court herein did not err in declaring that the F.D.I.C. was a proper party to seek registration of the foreign judgment, in finding that the Kentucky judgment was granted to the Mission State Bank by and through William S. Bryant as liquidator for F.D.I.C., or in holding that the foreign (Kentucky) judgment was and should be registered.

The judgment is in all respects affirmed.

All concur.