**PROM MOTOR HOTEL, INC.,**
**Plaintiff/Respondent,**

v.

**MOTEL TRAINING COMPANY OF AMERICA, Defendant,**

**and**

**George C. Kopp, Defendant/Appellant.**

**No. WD35836.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1985.

Thomas B. Sullivan, III, Sullivan & Williams, Kansas City, for defendant/appellant.

Charles M. Thomas, Kevin C. Travis, Grier, Swartzman & Weiner, Kansas City, for plaintiff/respondent.

Before LOWENSTEIN, P.J., and NU-GENT and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

This case involves the registration of a foreign judgment. Rule 74.79. The sole question in the case is whether due notice of Kentucky proceedings was given so as to make a Kentucky judgment enforceable in Missouri pursuant to the full faith and credit clause of the United States Constitution.

The appellant in this case, George C. Kopp, an attorney, was vice-president of Motel Training Company of America (Motel Training), which was a venture of a subsidiary of defendant-respondent, Prom Motor Hotel, Inc. (Prom). The following is a chronology of events in this case:

August, 1974—Kentucky attorney general filed the original injunction action against Motel Training and several individual defendants, including Kopp. The action also sounded in fraud for false representations about Motel Training programs.

September, 1974—Kopp as an individual signed stipulation asking for more time to file pleadings, but then never answered the petition. Kopp gave his home address on these documents.

November, 1974—Kopp joined Vold & Sullivan law firm at Crown Center in Kansas City, Missouri.

June, 1975—Prom made a defendant in Kentucky suit.

August, 1975—Kopp left Vold & Sullivan.

March 1, 1976—Prom filed cross-claim in original action against Kopp and others; service of process sent to Kopp at Crown Center address.

July 10, 1979—Notice of hearing on default judgment mailed to Kopp at Crown Center address.

July 16, 1979—Settlement reached between Prom and Kentucky attorney general and judgment entered against Prom for $33,287.52 plus costs; Default judgment entered against Motel Train-ing and Kopp, et al., on Prom's cross-claim for $33,287.52.

October 5, 1979—Prom filed this action in Missouri to enforce Kentucky judgment against Kopp (and three other defendants who were never served with process).

November 23, 1979—Kopp filed answer in Jackson County circuit court.

March 6, 1984—Trial court granted Prom's motion for summary judgment, entering a judgment for $45,580.60 and interest and costs.

 The issue in this case is governed by Article IV, § I of the United States Constitution which provides that judgments of sister states are entitled to full faith and credit. The only defenses that may be raised collaterally to attack a foreign judgment are 1) lack of jurisdiction over the subject matter; 2) failure to give due notice, or 3) fraud in the procurement or concoction of the judgment. *Gerace v. Conley*, 665 S.W.2d 377, 380 (Mo.App. 1984). A presumption of validity attaches to the Kentucky judgment which Kopp has the burden of overcoming. *Gerace, supra,* at 377; *Kilgore v. Kilgore*, 666 S.W.2d 923, 933 (Mo.App.1984).

Kopp contends that the Kentucky court never acquired jurisdiction over him on Prom's cross-claim because he never received actual notice of it, nor of the notice and motion for the default judgment. Prom concedes it has no witness who can testify that Kopp timely received these pleadings, but Prom contends actual receipt of a pleading *subsequent to the original complaint* is not required under the law to make it effective. The Missouri Supreme Court has held that "[w]hether the proceedings to give notice were adequate for that purpose is a matter controlled by the law of Kentucky, and not by that of Missouri." *Jones v. Park*, 282 Mo. 610, 222 S.W. 1018, 1022 (Mo.1920). *Jones* was followed more recently in *In the Interest of K.P.B.*, 625 S.W.2d 692, 694 (Mo.App. 1981), where the court held since there had

been no constitutional challenge to the method by which a West Virginia adoption statute provided service, the matter was controlled by West Virginia laws. *See Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524 (Mo.App. 1976), where it is presumed in the sister state's courts followed its laws and entered a valid judgment.

■ Kentucky Rule of Civil Procedure 12.08(1) provides that objections to process and personal jurisdiction are waived unless raised by motion or answer. When Kopp filed his stipulation and motion for more time to file an answer, he made no objection to service of process or the personal jurisdiction of the Kentucky court. This operated as Kopp's general appearance in the Kentucky suit and a waiver of objections.

Kopp cites such authority as *Mullane v. Central Hanover Bank*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *Bastian v. Tuttle*, 606 S.W.2d 808 (Mo.App.1980), which concern what type of notice and process are constitutionally required *before* a court can assert personal jurisdiction over a defendant. However, the issue before this court is what type of notice and process are required for a cross-claim filed *after* the court has obtained personal jurisdiction. In Kentucky this is governed by Rule 5.02 which provides that service "upon a party shall be made by delivering a copy to him *or by mailing it to him at his last known address*, or if no address is known, by leaving it with the clerk of the court." The rule further states, "[s]ervice by mail is complete upon mailing."

■ Kopp thus received all the notice which was required when the cross-claim was mailed to the Crown Center address in Kansas City. Receipt of a pleading subsequent to the original complaint is not required by law to be effective. *See Benson*

*v. Benson*, 291 S.W.2d 27, 30 (Ky.App. 1956), where wife's service of notice to increase child support, under Rule 5.02 was sufficient and complete upon mailing, and validity of service was not affected by husband's failure to receive notice; *Zurheide—Hermann, Inc. v. London Square Dev. Corp.*, 504 S.W.2d 161, 165 (Mo.1973), where absent evidence to contrary, there is a rebuttable presumption that a written certificate by counsel making service that papers have been mailed to named parties at an address indicates that the attorney entertained the belief in good faith that the address was in fact the proper address of the parties named.

Kopp knew that earlier pleadings in the Kentucky case were being sent to the Crown Center address, yet he never objected. Since he failed to inform the Kentucky court of his change of address, the Crown Center address was his "last known address" and Prom complied with applicable Kentucky rules when it mailed its pleadings there. Kopp has failed to rebut the presumption Kentucky followed its rules and statutes in entering the judgment sought to be registered. The Missouri trial court was correct in according full faith and credit to the Kentucky judgment.

The judgment is affirmed.

All concur.