784 F.2d 869
 4 Fed.R.Serv.3d 1143
 INSURANCE COMPANY OF NORTH AMERICA,
v.
Miles E. BAY,
United States of America by and through its agency the
Internal Revenue Service, Centerre Bank National
Association, Appellee,
James L. Anding.
INSURANCE COMPANY OF NORTH AMERICA,
v.
Miles E. BAY, United States of America by and through its
agency the Internal Revenue Service; Centerre Bank National
Association; J.D. Streett & Company, Inc.; Ibur &
Associates Company, Inc., Appellees,
James L. Anding, Appellant.
 Nos. 85-1036, 85-1163.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1985.
Decided Feb. 26, 1986.
 
 Frank Carlson, Union, Mo., for appellant.
 David L. Baylard, Union, Mo., for appellee.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Miles E. Bay and James L. Anding appeal from a final order entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of Centerre Bank National Association (Centerre) on Centerre's cross claim in an interpleader action. For reversal Bay argues that the district court erred in granting summary judgment because the state court judgment, on which the motion for summary judgment was based, was not final and was void for lack of jurisdiction. For reversal Anding argues that (1) he is entitled to compensation for services rendered to Bay either under the contingency fee contract or in quantum meruit and (2) Centerre did not have standing to challenge his attorney's lien in the interpleaded fund. Centerre has filed a motion to dismiss Anding's appeal for lack of jurisdiction. Centerre also alleges that Anding's and Bay's appeals are frivolous and requests damages pursuant to Fed.R.App.P. 38. For the reasons discussed below, we affirm the district court judgment in favor of Centerre, dismiss Anding's appeal, and deny Centerre's request for damages.
 
 
 2
 This action was originally brought in August 1983 by the Insurance Company of North America (INA) in the Circuit Court of Franklin County, Missouri, as an interpleader action to determine the rights and claims of creditors of Bay to the sum of $82,176.96. INA named as defendants Centerre, Bay, Anding, the Internal Revenue Service (IRS), and two others.
 
 
 3
 INA deposited the interpleaded fund in the registry of the court to satisfy a state court judgment Bay had secured against INA. INA had originally brought an action against Bay in a case involving a fire loss. INA v. Halim, No. CV18-813CC (Mo.Cir.Ct. June 22, 1982). Bay, who was represented by Anding under a contingency fee contract, counter-claimed for damages. The insurance case was submitted to the court on February 10, 1983, and judgment was entered on June 22, 1983. INA's motion for a new trial was denied on August 16, 1983, and no appeal was taken.
 
 
 4
 In March 1983 (approximately one month after the submission of the INA v. Bay case to the state court), Anding was convicted of a class D felony, tampering with a witness. State v. Anding, 689 S.W.2d 745 (Mo.Ct.App.1985). On April 26, 1983, Anding was suspended from the practice of law in Missouri.
 
 
 5
 Anding claims a portion of the interpleaded fund based on his representation of Bay in the state court action against INA. Anding had entered into a contingency fee contract with Bay on November 24, 1981; the contract required Bay to pay Anding 60% of all sums recovered after trial on claims arising out of the fire and reasonable expenses, or 40% of the proceeds plus reasonable expenses should the case be settled. It was further agreed that appeals, extraordinary remedies and collateral suits were to be treated as expenses.
 
 
 6
 Centerre claimed the entire interpleaded fund, based on a prior judgment against Bay for $103,113.75. Centerre Bank v. Bay, No. CV182-445CC (Mo.Cir.Ct., Sept. 21, 1982). This action was based on a note executed by Bay. Bay failed to file any pleadings after being served and the state court entered a default judgment.
 
 
 7
 Centerre cross-claimed against Bay and Anding in this interpleader action. Centerre asserted that its interest was superior to Bay's. Centerre alleged that Anding did not have a lien against the fund because he had been suspended from the practice of law in Missouri.
 
 
 8
 The IRS, a claimant to the interpleaded fund, removed the case to the federal district court in November 1983. The IRS was subsequently dismissed at its request.
 
 
 9
 On July 31, 1984, the district court entered partial summary judgment against Anding and in favor of Centerre.[2] On October 29, 1984, partial summary judgment was entered against Bay and in favor of Centerre. On December 6, 1984, the other defendants were voluntarily dismissed, Centerre's motion for pay out was granted and the clerk was ordered to pay the fund to Centerre. On December 12, 1984, the district court set a trial date for March 11, 1985. On January 17, 1985, the district court vacated the order setting the trial for March 1985.
 
 
 10
 Bay filed his notice of appeal on January 4, 1985, within 30 days following entry of the pay out order. Anding's notice of appeal was filed on January 25, 1985, more than 30 days after entry of the pay out order, but within 30 days after entry of the January 17, 1985, order vacating the trial setting.
 
 James L. Anding
 
 11
 We consider first Centerre's motion to dismiss Anding's appeal as untimely filed. Centerre argues that Anding's appeal was untimely because the December 6, 1984, order was the final judgment in the interpleader case because it disposed of the remaining issues and parties to the litigation.[3]
 
 
 12
 Fed.R.App.P. 4(a) provides that a "notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Fed.R.Civ.P. 6(b) permits the district court to enlarge the time for filing notices of appeal "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." Even where Fed.R.Civ.P. 6(b) prohibits an enlargement of time for certain actions, unique circumstances may justify the granting of an untimely appeal. A party's reasonable reliance on the erroneous action of a district court which causes the party to file an untimely notice of appeal will justify the enlargement of the time period for filing an appeal. Harris Truck Line, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (district court erroneously granted a motion for an additional 14 days for filing an appeal where such was permitted only upon a showing of excusable neglect; the district court made no such finding); see Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (district court held that motion for a new trial submitted 12 days after entry of judgment was timely and the party consequently filed an untimely notice of appeal); Eady v. Foerder, 381 F.2d 980 (7th Cir.1967) (the district court erroneously extended the time for a motion under Fed.R.Civ.P. 59 to 30 days).
 
 
 13
 Anding argues that the appeal was timely because the December 6, 1984, order was not final. We do not agree. A judgment is final in an interpleader action when the court determines the claimants entitled to the money and the amount due each claimant. Diamond Shamrock Oil & Gas Corp. v. Commissioner 422 F.2d 532, 533 (8th Cir.1970). In the present case the December 6, 1984, order disposed of the claims of all of the remaining defendants in the interpleader action and directed that the entire fund be paid to Centerre Bank. There is nothing in the record to suggest that the district court did not intend that the order would be a final judgment. Thus we hold that the December 6, 1984, order was a final judgment in the interpleader action. The court's subsequent order setting the case for trial, obviously a mistake, did not affect the judgment previously entered in the interpleader action.
 
 
 14
 Further we do not believe that this case comes within the unique circumstances exception previously discussed. Although the district court made an error in setting the case for trial after a final judgment had already been entered, Anding did not reasonably rely on this in delaying the filing of his notice of appeal. Anding was aware that a final judgment had been entered on December 6, 1984, and should have recognized that a trial setting was a mistake. At the least Anding would have been required to inquire from the district court as to the meaning of the trial setting. In conclusion we hold that Anding's appeal was untimely because the notice of appeal was filed more than 30 days after entry of the December 6, 1984, judgment.
 
 
 15
 Centerre also requests, pursuant to Fed.R.App.P. 38, $5,000 in costs and expenses. Centerre argues that Anding's appeal was filed solely for the purpose of vexatious delay and that the law is clearly against the contentions raised in the appeal. We deny Centerre's request because we cannot say that Anding's points of error are wholly without merit or that the result of the appeal was obvious. Dewitt v. Western Pacific R.R., 719 F.2d 1448, 1451 (9th Cir.1983).
 
 Miles E. Bay
 
 16
 Bay initially argues that the district court erred in granting summary judgment in favor of Centerre because genuine issues of material fact exist as to the validity and finality of the state court judgment which was given res judicata effect. Bay argues that the state court judgment is (1) subject to being set aside under Missouri Supreme Court Rule 74.32, (2) not final in that it failed to dispose of all named parties, and (3) void as to damages because the state court was without subject matter jurisdiction. Bay further argues that no evidence was offered on which the state court could have based its judgment for damages and attorney's fees.
 
 
 17
 Centerre argues that the state court judgment against Bay in favor of Centerre was not subject to collateral attack in the district court. We agree. The judgment of a court having jurisdiction cannot be collaterally attacked and the question or fact once determined must, as between the same parties, be taken as conclusively established and accorded res judicata effect. Smith v. United States, 369 F.2d 49, 53 (8th Cir.1966), cert. denied, 386 U.S. 1010, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967). The Circuit Court of Franklin County, Missouri, is a state court of general jurisdiction and consequently had subject matter jurisdiction. Moreover, the state court determined that Bay had been properly served and that Bay was represented by counsel at the default hearing. Centerre Bank v. Bay, No. CV-182-445CC(A) (Mo.Cir.Ct. July 29, 1985) (Bay's motion to set aside judgment for irregularity denied). We therefore hold that the district court properly accorded res judicata effect to the state court judgment in favor of Centerre. The grant of summary judgment was proper because no genuine issue of material fact remained and Centerre was entitled to judgment as a matter of law.
 
 
 18
 Centerre next argues that Bay's appeal is frivolous and was filed for the sole purpose of vexatious delay. Centerre therefore requests that this court award double costs and attorney's fees and other damages pursuant to Fed.R.App.P. 38. Centerre does not indicate how a delay would benefit Bay because Centerre was paid the interpleaded fund in December 1984. For the reasons previously discussed in relation to Anding's appeal, we deny Centerre's request.
 
 
 19
 Accordingly, the judgment of the district court is affirmed. Appeal No. 85-1163 is dismissed for lack of appellate jurisdiction. Centerre's motions for damages and costs for frivolous appeals are denied.
 
 
 
 [1]
 The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 Anding subsequently appealed from this judgment. The appeal was dismissed on September 24, 1984, for lack of final judgment. Insurance Co. of N. Am. v. Bay, No. 84-2064 (8th Cir. Sept. 21, 1984) (order)
 
 
 [3]
 Centerre argues that Anding may not take advantage of the 60 day filing requirement of Fed.R.App.P. 4(a)(1) because the United States was dismissed prior to the district court's entry of final judgment on December 6, 1984. Centerre also argues that Anding cannot rely on Fed.R.App.P. 4(a)(3) because he did not file his appeal within 14 days after Bay filed his notice of appeal