STATE of Missouri ex rel. Leroy SCHIMMER, Relator,

v.

Honorable Roger WALL, Judge of the Circuit Court of Wright County, Missouri, Respondent.

No. 16109.

Missouri Court of Appeals, Southern District, Division One.

July 12, 1989.

Donald E. Woody, Kevin M. FitzGerald Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for relator.

Noble I. Leighton, Mountain Grove, for respondent.

CROW, Presiding Judge.

This original proceeding in prohibition arises from Leroy Schimmer's effort to enforce an Iowa judgment in Missouri. The issues confronting us are easier discussed after a recitation of the pertinent facts.

On March 13, 1986, the Iowa District Court for Boone County entered a default judgment in favor of Schimmer and against Danny Jones and David Gleason. The judgment recited, among other things, that due to the negligence of Jones and Gleason, Schimmer suffered damages of $50,-000 as a result of damage to his vehicle "and because of lost income and wages as a result of this damage to his vehicle." The judgment awarded Schimmer $50,000 against Jones and Gleason "jointly and severally," together with interest "at the statutory rate from the date of filing until paid in full."

On August 1, 1986, the same Iowa court entered an order setting aside the judgment as to Jones, but leaving it intact as to Gleason.

Schimmer filed a petition in the Circuit Court of Wright County, Missouri, January 7, 1988, praying that the Iowa judgment "be registered in this Court and that the same be made a final personal judgment of

this Court under the authority of Supreme Court Rule 74.79." [1]

On February 4, 1988, respondent, an associate circuit judge of the Circuit Court of Wright County, entered an "Order for Registration of Foreign Judgment," stating, in pertinent part:

"... the Court ... finds ... [that Schimmer] is entitled to have the Default Judgment entered by the District Court of Boone County, Iowa, dated March 13, 1986 ... registered in the State of Missouri as a Foreign Judgment, and accordingly

IT IS THEREFORE ORDERED that the Wright County Circuit Clerk shall register said Foreign Judgment by filing and recording the same with the Judgment Records of the Wright County Circuit Court...."

Summons was issued by the Circuit Court of Wright County to Gleason, and was served on him February 7, 1988, in Wright County. Gleason filed nothing in response.

On April 27, 1988, at the instance of Schimmer's lawyer, the Clerk of the Circuit Court of Wright County issued a garnishment to State Farm Mutual Automobile Insurance Company ("State Farm"). Interrogatories to garnishee State Farm, propounded by Schimmer, accompanied the garnishment. The interrogatories asked, among other things, whether State Farm had issued any policy of liability insurance to Gleason that was in force September 12, 1983 (the date of the incident on which the Iowa judgment was based).

On May 26, 1988, State Farm filed a motion to quash the garnishment on sundry grounds, one of which was that the Iowa judgment was entered or issued "by surprise and is void for improper service and shall be set aside pursuant to Rule 74.06(b)." State Farm's motion also averred there was a meritorious defense to Schimmer's cause of action on which the Iowa judgment was based.

State Farm filed answers to Schimmer's interrogatories May 27, 1988, revealing that a policy of insurance issued by it to Gleason was in existence September 12, 1983, "on which payment was current." State Farm denied, however, that the policy afforded coverage for Gleason inasmuch as he had allegedly violated the policy by failing to send State Farm "every notice, petition and summons or legal process received by him concerning the claim or suit as provided and required" by the policy. Additionally, pled State Farm, Gleason failed to cooperate as required by the policy.

On October 6, 1988, lawyers for Schimmer and State Farm presented argument to respondent on State Farm's motion to quash. A "certified file" of the case from the Iowa court was received in evidence "by stipulation."

On November 22, 1988, respondent entered an order regarding the motion to quash. Sixteen days later, on December 8, 1988, respondent made an entry on the docket sheet stating:

"Court on its own Motion, & after consultation and without objection from Counsel, has determined that the language in its order was not precise enough & has amended it by interlineation...."

The amended order, dated December 8, 1988, provided, in pertinent part:

"While Missouri law and Supreme Court rule make it inherent upon the Court to give full faith and credit to another sovereign's judgments, certain strict conditions of notice necessitating due process are required under Missouri law and Rule 74.14.

This Court finds that:

1. Even under Iowa Rules of Civil Procedure, it is doubtful whether proper service was ever obtained against ... Gleason. However, the Iowa Trial Court entertained a Motion to Set Aside the Judgment in favor of ... Schimmer against ... Gleason, and ruled that the original judgment stood. This Court

---

**1.** Rule 74.79 was repealed effective January 1, 1988, and a new rule—Rule 74.14, Missouri Rules of Court (19th ed. 1988)—pertaining to enforcement of foreign judgments was simulta-neously adopted. Order, Supreme Court of Missouri, pp. XXV–XXXV, 727–728 S.W.2d Missouri Cases, and Order, Supreme Court of Missouri, p. XXVI, 733–734 S.W.2d Missouri Cases.

must and does give comity to the Iowa decision, at least to the issue of liability.

. . . .

3. The most disturbing part of the case to this Court is that [Schimmer], in a tractor-trailer truck stop parking lot fender-bender accident in Iowa, pleads for and obtains a judgment against [Gleason] in the sum of Fifty Thousand Dollars ... a sum which the Court notes that approximates the likely maximum allowable insurance available to [Schimmer]. Is this due process? Is this justice? The Court thinks not.

The Court has extensively examined the admitted exhibit/case file from Iowa, and in no portion of it is there any reference that the Iowa trial Court entertained any serious evidence, or for that matter, any evidence whatsoever that [Schimmer] suffered damages in the amount of Fifty Thousand Dollars ($50,-000).

Missouri case law and Supreme Court Rule now (and at the time of the filing of [Schimmer's] Petition to Register a Foreign Judgment) allow a Court to enter only an interlocutory Order of Default. Any party may demand a jury trial or bench trial in order for a Court to properly assess damages. Rule 74.05(b).

. . . .

IT IS THEREFORE ORDERED that the Court sustains Defendant Gleason's Motion to Quash ... and that the Court hereby grants [Schimmer's] Request to Register Judgment on liability but refuses to grant [Schimmer's] Request for registering the damage portion of the foreign judgment until or unless an evidentiary hearing is held before this Court as to the assessment of damages, either by jury or trial by Court."

An attentive reader will have noted that respondent's reference to "Defendant Gleason's Motion to Quash" is erroneous, as Gleason (as best we can determine from the record supplied us) filed nothing. The motion to quash, as reported earlier, was filed by State Farm.

On December 9, 1988, respondent made an entry on the docket sheet stating:

"At request of [Schimmer] the Court stays its order of 12–8–88 until 12–30–88 to enable [Schimmer] to seek a special writ because of the Uniqueness of the issues of law presented."

On December 30, 1988, Schimmer filed a petition for writ of prohibition in this Court, averring that respondent, unless barred from doing so, will refuse to register the damages portion of the Iowa judgment and will quash the garnishment. Such action, pled Schimmer, would exceed respondent's jurisdiction in that it would give "comity to only half of the foreign judgment," and would refuse to do so "with respect to the damages portion of said judgment." Schimmer prayed us to prohibit respondent from enforcing his order of December 8, 1988.

We immediately issued an order to respondent barring him from further action in the underlying case, and directing him to show cause by a specified deadline why a preliminary order in prohibition should not be issued.

Suggestions in opposition to Schimmer's petition for writ of prohibition were thereafter filed by State Farm (but not by respondent), and suggestions in response to those of State Farm were subsequently filed by Schimmer.

This Court issued a preliminary order in prohibition commanding respondent to take no further action in the underlying case until further order of this Court, and directing him to file his answer to the petition for writ of prohibition by a specified date. Our order also directed the parties to brief the issue of whether prohibition was a proper remedy, by addressing the question of whether an appeal would lie upon final disposition of the underlying case in the manner proposed by respondent, and, if so, whether such an appeal would be an adequate remedy.

State Farm, identifying itself as "party respondent," filed an answer to the petition for writ of prohibition within the deadline fixed by our preliminary order. Respondent filed no answer. Schimmer, however, registered no protest about State Farm's

answer, nor did Schimmer raise any issue about respondent's failure to file one. Schimmer did file a timely brief, and respondent (represented by the lawyer representing State Farm) thereafter filed a timely brief.

As the essential facts are ascertainable from the record and the legal questions are sharply defined, we shall bypass the procedural irregularities in this prohibition proceeding and address the dispositive issues on the merits.

The first issue is whether respondent can lawfully deny the damages portion of the Iowa judgment full faith and credit as he intends to do in his amended order of December 8, 1988. In considering that issue we begin with the well established principle that a judgment of a sister state must be given full faith and credit unless there was (1) lack of jurisdiction over the subject matter, (2) failure to give due notice to the defendant, or (3) fraud in the concoction or procurement of the judgment. *In re Veach,* 365 Mo. 776, 287 S.W.2d 753, 758–59[8] (banc 1956); *Martin v. Adams,* 718 S.W.2d 168, 169[1] (Mo.App.1986); *Federal Deposit Insurance Corp. v. K.J.W. Development Co.,* 687 S.W.2d 224, 227[3] (Mo. App.1984); *Metropolitan Lumber Co. v. Dodge,* 567 S.W.2d 729, 731[1] (Mo.App. 1978); *Corning Truck & Radiator Service v. J.W.M., Inc.,* 542 S.W.2d 520, 524[2] (Mo. App.1976).

State Farm's motion to quash the garnishment contained no averment that the Iowa court lacked jurisdiction over the subject matter of the suit by Schimmer against Gleason (ground "1" above), nor did the motion allege any fraud in the concoction or procurement of the Iowa judgment (ground "3" above). The motion did, however, aver that the Iowa judgment was "void for improper service" (ground "2" above).

On that issue respondent, in his amended order of December 8, 1988, noted that the Iowa court had entertained a motion to set aside the judgment of March 13, 1986, against Gleason, and had ruled that the judgment stood. In that regard the copy of the Iowa court's case file shows that on May 9, 1986, almost two months after the Iowa court had entered the default judgment in favor of Schimmer and against Jones and Gleason, those two defendants filed a motion to set the judgment aside. A hearing was held on the motion by the Iowa court, after which that court ruled that Schimmer had met the requirements of Iowa law for service of notice upon Gleason, but had failed to establish compliance with the requirements of Iowa law for service on Jones. Those rulings were the basis of the order of the Iowa court of August 1, 1986 (mentioned in the third paragraph of this opinion), setting the default judgment aside as to Jones but leaving it undisturbed as to Gleason.

Respondent, in his amended order of December 8, 1988, acknowledged he was required to give comity to the Iowa court's ruling on the issue of sufficiency of service of notice on Gleason "at least to the issue of liability."

Respondent was correct in honoring the liability adjudication by the Iowa court, but wrong in refusing to give the damages adjudication full faith and credit.

In *Insurance Co. of North America v. Bay,* 784 F.2d 869 (8th Cir.1986), a Missouri state court entered judgment in favor of a bank and against one Bay. Later, Insurance Company of North America deposited certain funds in the United States District Court, Eastern District of Missouri, in an interpleader action, praying that court to determine who was entitled thereto. The claimants included the bank, Bay, and a lawyer who was asserting an attorney's lien based on his representation of Bay in the litigation that had produced the funds. The bank maintained its claim was superior to those of Bay and the lawyer. Bay argued, among other things, that the judgment of the state court against him and in favor of the bank was void as to damages because the state court was without subject matter jurisdiction. *Id.* at 872–73. Bay also asserted no evidence was presented to the state court to support the damages awarded. *Id.* The bank insisted its state court judgment against Bay was not

subject to collateral attack in the federal court. The Eighth Circuit agreed, stating:

"The judgment of a court having jurisdiction cannot be collaterally attacked and the question or fact once determined must, as between the same parties, be taken as conclusively established and accorded res judicata effect. [Citation omitted.] The [Missouri state court] is a state court of general jurisdiction and consequently had subject matter jurisdiction. Moreover, the state court determined that Bay had been properly served and that Bay was represented by counsel at the default hearing.... ([The state court record shows that] Bay's motion to set aside judgment for irregularity [was] denied). We therefore hold that the [federal] district court properly accorded res judicata effect to the state court judgment in favor of [the bank]." *Id.* at 873[7, 8].

■ While general declarations of law by the United States Court of Appeals for the Eighth Circuit are not binding on us, we nonetheless look respectfully to them for such aid and guidance as they may supply. *Hanch v. K.F.C. National Management Corp.*, 615 S.W.2d 28, 33[6] (Mo. banc 1981); *Kraus v. Board of Education of City of Jennings*, 492 S.W.2d 783, 784–85[2] (Mo.1973).

A case virtually identical to the instant case is *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 487 A.2d 1372 (1985), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915–16 (1986). There a default judgment was entered in West Virginia against a Pennsylvania corporation. The corporation subsequently requested relief from the judgment in the West Virginia court. That court held service on the corporation had been lawfully made, and denied relief. The judgment creditors later sought to enforce the judgment in Pennsylvania. The corporation maintained in the Pennsylvania court that the judgment was not entitled to full faith and credit, as the corporation had been denied its due process rights to notice and an opportunity to be heard in West Virginia. The Pennsylvania court rejected

the corporation's plea. The corporation appealed. The appellate court held:

"The first problem [the corporation] encounters is that a prior request for relief from the default judgment was made to the court in West Virginia and was denied. The West Virginia court, which clearly had jurisdiction to determine the integrity of its own judgment, upheld the finality of [the] ... judgment against [the corporation] in the face of a petition by [the corporation] which challenged its validity. In denying [the corporation's] request for relief, the court found that the judgment had not been fraudulently obtained and that there was neither factual nor legal basis for relief. This determination of the West Virginia court, from which no appeal was taken, is res judicata with respect to the validity of the judgment. When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation." 487 A.2d at 1376[4].

In *Jones v. Park*, 282 Mo. 610, 222 S.W. 1018 (1920), the Supreme Court of Missouri had to decide whether certain Missouri residents were bound by the decree of a Kentucky court defining interests under the will of a deceased Kentucky resident. The answer depended on the sufficiency of the steps taken to give constructive notice to the Missouri residents of the pendency of the Kentucky suit. The Supreme Court of Missouri held that whether the proceedings to give notice were adequate for that purpose was a matter controlled by the law of Kentucky, and not by that of Missouri. 222 S.W. at 1021–22[1].

In *Prom Motor Hotel, Inc. v. Motel Training Co. of America*, 686 S.W.2d 896 (Mo.App.1985), a proceeding for registration of a Kentucky judgment in Missouri, one Kopp contended that the judgment of

the Kentucky court on a cross-claim against him was invalid in that the Kentucky court never acquired jurisdiction over him, as there was an absence of notice. The Western District of this Court, citing *Jones,* held that whether the notice was adequate was an issue controlled by Kentucky law. *Prom Motor Hotel,* 686 S.W.2d at 897–98. The Western District, applying Kentucky law, held that Kopp had received all the notice Kentucky law required, consequently the Missouri court correctly accorded full faith and credit to the Kentucky judgment. *Id.* at 898.

■ Applying *Insurance Co. of North America, Noetzel, Jones,* and *Prom Motor Hotel, Inc.,* we hold that the issue of whether sufficient notice was served on Gleason in the Iowa suit is governed by Iowa law, and we further hold that inasmuch as the question of whether the service of notice on Gleason met the requirements of Iowa law was decided by the Iowa court in its order of August 1, 1986, such issue is no longer open to question by respondent or any other Missouri judge. In so holding we observe that no attack on the constitutionality of the Iowa procedure under which Gleason was served was made in the Iowa court, and none is made by State Farm's motion to quash. Whether such a challenge could still be asserted is not before us in the instant proceeding, hence we need not consider that subject. It is clear, however, that with the litigation in its present posture respondent cannot lawfully refuse to give the Iowa judgment full faith and credit.

Respondent, in his brief, seeks to justify his refusal to honor the damages portion of the Iowa judgment on the basis of Rules 74.14(b) and 74.05(b) and (c), Missouri Rules of Civil Procedure (19th ed. 1988).

Rule 74.14(b) reads:

"A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner."

Rule 74.05 reads:

"(a) . . . .

(b) **Assessment of Damages.** After entry of an interlocutory order of default, a default judgment may be entered. Any party may demand a jury to assess damages. If a jury is not demanded, the court may assess damages. . . .

(c) **When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just. . . ."

■ Respondent's amended order of December 8, 1988, quoted in part earlier, cited Rule 74.05(b) as authority for his refusal to honor the damages portion of the Iowa judgment. Respondent evidently reasoned that Rule 74.05(b)—read in conjunction with Rule 74.14(b)—allows a Missouri circuit court to treat a *final judgment* of a sister state the same as a *Missouri interlocutory order of default,* thus enabling the Missouri court to disregard the damage award in the sister state's final judgment and to make its own damage award.

We emphasize, however, that nothing in Rule 74.14(b) allows a Missouri circuit court to treat a final judgment of a sister state like a Missouri interlocutory order of default. Rule 74.05(b), it must be remembered, pertains only to assessment of damages after entry of an interlocutory order of default; it does not authorize a Missouri circuit court to vacate or set aside the

damages portion of a Missouri *final judgment*. As respondent could not, under Rule 74.05(b), disregard the damages awarded by a final judgment of a Missouri circuit court he likewise cannot disregard the damages awarded by the final judgment of the Iowa District Court for Boone County.

▮ The other rule cited in respondent's brief, Rule 74.05(c), states a Missouri circuit court may set aside a default judgment if a motion seeking that relief is made within a reasonable time, not to exceed one year, after entry of the default judgment, and if (a) the motion states facts constituting a meritorious defense, and (b) the party seeking to set the default judgment aside shows good cause for doing so. Good cause, according to Rule 74.05(c), includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Rule 74.05(c) clearly requires that a motion seeking to set aside a default judgment state *facts* constituting a meritorious defense. State Farm's motion to quash alleged no facts constituting a meritorious defense; as noted earlier it contained only a conclusional allegation that there was a meritorious defense to Schimmer's cause of action on which the Iowa judgment was based. Such an allegation is insufficient. *J & J Window Sales, Inc. v. Mueller*, 567 S.W.2d 153, 155[4] (Mo.App.1978).

Furthermore, it is obvious from the record that no good cause for setting aside the Iowa judgment has been shown to respondent, as there is no indication that any evidence on the issue of good cause has been presented to respondent.

More importantly, however, even had State Farm satisfied the requirements of Rule 74.05(c), that would not have established any of the three grounds justifying denial of full faith and credit to the Iowa judgment. Those three grounds, as listed earlier, are lack of jurisdiction over the subject matter, failure to give due notice to the defendant, and fraud in the concoction or procurement of the judgment.

Respondent's brief says, in effect, that Rule 74.14(b), read in conjunction with Rule 74.05(c), creates a fourth ground for denying full faith and credit to a foreign judgment, by allowing a Missouri circuit court that has registered a foreign default judgment to set the registration aside, in whole or part, upon motion stating facts constituting a meritorious defense and a showing of good cause.

Such a theory was rejected by the Supreme Court of Minnesota in *Matson v. Matson*, 333 N.W.2d 862 (Minn.1983). There the Minnesota statute was identical in all substantive respects to Rule 74.14(b). *Matson* held that the statute did not allow Minnesota courts to apply Minnesota grounds for reopening or vacating Minnesota judgments to judgments of sister states. *Id.* at 867. By reason of U.S. Const. art. IV, § 1, the full faith and credit clause, only certain grounds justify denial of full faith and credit to a judgment of a sister state. *Id.* They are the ones recognized by the Missouri cases cited earlier.

In *Jennings v. Klemme*, 620 S.W.2d 403 (Mo.App.1981), a judgment creditor filed a petition in a Missouri circuit court for registration of an Illinois judgment per former Rule 74.79.[2] The Missouri court registered the Illinois judgment and, after a trial, refused to set the registration aside. On appeal the judgment debtors maintained the circuit court erred in refusing to consider a defense they asserted on the merits of the claim. Rejecting the argument this Court said:

"The Missouri courts have held that under Art. IV, Sec. 1 of the U.S. Constitution, 'We give full faith and credit to the judgments of sister states unless it can be shown that there was (1) lack of jurisdiction over the subject matter, (2) a failure to give due notice, or (3) fraud in the concoction of the judgment.' *W.B.M. v. G.G.M.*, 579 S.W.2d 659, 661[1–3] (Mo.App.1979). On the other hand 'giving full faith and credit to a foreign judgment precludes any inquiry into the merits of the underlying cause of action, and, also, precludes any questioning of the

---

**2.** Footnote 1, *supra.*

logic or consistency of the decision or the validity of the legal principles upon which the judgment is based.' *Matter of Estate of Fields*, 588 S.W.2d 50, 52[1] (Mo.App.1979). See also *Bittner v. Butts*, 514 S.W.2d 556, 559 (Mo.1974) where the court said that 'the underlying validity of the claim' had been established by the foreign judgment and 'is not even for consideration in the Missouri court' in a proceeding under Rule 74.79.

. . . .

In the instant action the defense sought to be raised by [the judgment debtors] is not one which, if factually supported, constitutes a showing of lack of jurisdiction over the subject matter, or a failure to give due notice, or fraud in the concoction of the judgment. The purported defense constitutes a mere 'inquiry into the merits of the underlying cause of action' and, as such, is not open for consideration in the Missouri proceeding." *Jennings*, 620 S.W.2d at 406.

The only difference between *Jennings* and the instant case is that *Jennings* was decided under former Rule 74.79, which contained no provision like Rule 74.14(b). We are unconvinced that the Supreme Court of Missouri, in adopting Rule 74.-14(b), intended to empower a Missouri circuit court to set aside the registration of a foreign judgment merely upon compliance by a party with Rule 74.05(c). Such a result would be repugnant to the holding of the Supreme Court of Missouri in *Veach*, 287 S.W.2d at 758–59[8], and to the other cases cited earlier, which establish that a judgment of a sister state must be given full faith and credit unless there was lack of jurisdiction over the subject matter, failure to give due notice to the defendant, or fraud in the concoction or procurement of the judgment.

Having held earlier that, on the record before us, respondent cannot lawfully deny the Iowa judgment full faith and credit on any of those grounds, we hold that respondent cannot lawfully deny registration of the damages portion of the Iowa judgment or require an evidentiary hearing as a condition precedent to registering that portion.

■ Having decided this much, we must determine whether prohibition lies to bar respondent from carrying out those portions of his amended order of December 8, 1988, that are in conflict with our holdings.

Respondent argues that an appeal lies from an order quashing a garnishment. That proposition is supported by *Hardin v. Hardin*, 512 S.W.2d 851, 852–53[1] (Mo. App.1974). Respondent maintains that his refusal to register the damages portion of the Iowa judgment is an integral part of his action quashing Schimmer's garnishment, hence any appeal by Schimmer of respondent's order quashing the garnishment will include the issue of respondent's refusal to register the damages portion of the Iowa judgment absent an evidentiary hearing on damages. Consequently, says respondent, Schimmer has an adequate remedy by appeal so prohibition should not lie.

It appears to us that respondent's decision to quash the garnishment is based on his determination not to register the damages portion of the Iowa judgment, his logic being that until he resolves the damages issue there is no final judgment on which to issue an execution and garnishment. Were that the only ground for quashing the garnishment, respondent's contention that his refusal to register the damages portion of the Iowa judgment could be reviewed by appeal from an order quashing the garnishment might be convincing.

There were, however, other grounds for quashing the garnishment asserted by State Farm in its motion to quash. Those grounds included improper service of the summons to garnishee and lack of a valid execution to support the garnishment. If an appellate court should find either of those grounds meritorious, respondent's decision to quash the garnishment could be upheld without reaching the issue of his refusal to register the damages portion of the Iowa judgment. We therefore reject respondent's thesis that prohibition should be denied because Schimmer can appeal

from that portion of respondent's amended order of December 8, 1988, quashing the garnishment.

Schimmer says he cannot appeal from the portion of respondent's amended order of December 8, 1988, refusing to register the damages portion of the Iowa judgment, as there will be no final judgment by respondent until the damages issue is adjudicated. Respondent, in his brief, tacitly agrees with Schimmer's analysis. We shall therefore assume, without deciding, that the parties are correct, and that no appeal could be taken now by Schimmer from that portion of respondent's amended order of December 8, 1988, refusing to register the damages portion of the Iowa judgment.

Given the above factors, the final issue we must decide is whether they are sufficient to justify our review of respondent's action by prohibition.

In *State ex rel. Newton v. Conklin,* 767 S.W.2d 112 (Mo.App.1989), we examined a number of decisions by the Supreme Court of Missouri dealing with the use of prohibition as a means of interlocutory appellate court review of trial court error, starting with *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983). *Newton* concerned a circuit court order for blood tests in an action under the Uniform Parentage Act. We held that inasmuch as the circuit court had jurisdiction over the parties and subject matter, and had authority to enter the proposed order (even if it be flawed), and because the relator had failed to show the order would violate any applicable Supreme Court rule or that appeal would not afford him an adequate remedy, relief by prohibition was unwarranted. There is, however, a significant difference between *Newton* and the instant case. In *Newton* a trial was inevitable—absent settlement of the case—even had we granted relief by prohibition from the circuit court's proposed order. That is not so in the instant case.

Without relief by us now from the portion of respondent's amended order of December 8, 1988, refusing to register the damages portion of the Iowa judgment "until or unless an evidentiary hearing is held before [respondent] as to the assess-

ment of damages," Schimmer faces the prospect of going through a trial on the damages issue in a Missouri circuit court. He will not have to if we grant relief.

The Supreme Court of Missouri, in *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557 (Mo. banc 1988), a case decided five years after *Morasch,* held that prohibition lay to bar a circuit court from forcing a party to trial where the circuit court had lost jurisdiction in the case. *Fisher,* 754 S.W.2d at 562. The Supreme Court rejected an argument that the aggrieved party's remedy was by appeal. *Id.* The opinion stated prohibition would issue to prevent a trial court from acting in excess of its jurisdiction if such would produce useless and unwarranted litigation. *Id.*

The Supreme Court of Missouri reached a similar result in *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184 (Mo. banc 1985), decided after *Morasch* and before *Fisher.* In *New Liberty Hospital* a claim against a governmental entity—a hospital district—was barred by sovereign immunity. The Supreme Court held that inasmuch as the hospital district had an absolute and impenetrable defense the profligacy in taking time and money for a needless trial and appeal was apparent. 687 S.W.2d at 187. In such circumstances appeal failed to afford adequate relief, thus prohibition was the appropriate remedy. *Id.*

Applying *Fisher* and *New Liberty Hospital,* we hold that an appeal after respondent enters final judgment in the registration proceeding does not afford Schimmer an adequate remedy for review of respondent's refusal to register the damages portion of the Iowa judgment absent an evidentiary hearing on the damages issue, as Schimmer would have to go through an unwarranted trial on the damages issue prior to such an appeal. Consequently, prohibition lies to bar such litigation.

We decline, however, to rule on whether the portion of respondent's amended order of December 8, 1988, quashing the writ of garnishment is correct. As reported earlier, State Farm advanced several grounds in support of its motion to quash, and there is case law supporting the proposition that an

appeal lies from an order quashing a garnishment. *Hardin,* 512 S.W.2d at 852–53[1].

If respondent's decision to quash the garnishment was, as his order implies, based on his determination to deny the damages portion of the Iowa judgment full faith and credit, our opinion has demonstrated that respondent was wrong. Should respondent decide to quash the garnishment on any of the other grounds asserted by State Farm, such order could, under *Hardin,* be reviewed by appeal.

Our preliminary order in prohibition is made absolute to bar respondent from enforcing the portion of his amended order of December 8, 1988, which provides that respondent "refuses to grant [Schimmer's] Request for registering the damage portion of the [Iowa] judgment until or unless an evidentiary hearing is held before [respondent] as to the assessment of damages, either by jury or trial by Court." Except for that, our preliminary order barring respondent from further action in the underlying case is quashed.

HOLSTEIN, C.J., and GREENE, J., concur.